■ In the Matter of DENISE PERALTA, Petitioner, v CHRISTOPHER ARTUZ, as Superintendent of Green Haven Correctional Facility, Respondent. [708 NYS2d 415] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Superintendent of the Green Haven Correctional Facility, dated January 27, 1998, confirmed by decisions of a Hearing Officer dated April 28, 1998, and by the Deputy Commissioner of the State of New York Department of Correctional Services on June 19, 1998, which found that the petitioner had brought cocaine and heroin into the Green Haven Correctional Facility and thereupon revoked her privileges to visit inmates incarcerated therein.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the charge is dismissed, and the respondent is directed to expunge all references to the charge and the proceedings from the petitioner's visitation record.

The regulations of the State of New York Department of Correctional Services provide that with respect to substances suspected of being contraband, "[e]ach person handling the suspected substance shall make an appropriate notation on the form to document the action taken as well as the chain of custody of the substance until it is identified or forwarded to the State Police laboratory" (7 NYCRR 1010.4 [b]).

The chain-of-custody forms introduced into evidence at the hearing failed to account for the entire period of time from the recovery of the alleged contraband to its subsequent identification. It is well settled that "[w]here the Department of Correctional Services fails to comply with its own regulations in arriving at an administrative determination, that determination cannot stand" (*Matter of Rollison v Scully,* 181 AD2d 734; *see also, Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003; *Matter of Estrella v Coughlin,* 131 AD2d 760). Consequently, the determination is annulled.

In light of the foregoing, we need not reach the petitioner's remaining contentions. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.