In the Matter of James Oliver, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 248]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During a search of petitioner's cell, a correction officer found what appeared to be a partially-smoked marihuana cigarette. The item was recovered and tested, but the results were negative for marihuana. Nevertheless, petitioner was charged in a misbehavior report with possessing contraband. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documenta-

tion, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Jamison v State of N.Y. Dept. of Corr. Servs.*, 98 AD3d 1150, 1150 [2012]; *Matter of Alache v Fischer*, 91 AD3d 1240, 1241 [2012]). Based upon prior experience, the correction sergeant who endorsed the misbehavior report identified the substance as synthetic marihuana also known as "spice," which inmates are not permitted to possess. Notably, the disciplinary rule in question prohibits inmates from possessing "any item unless it has been specifically authorized by the superintendent or designee, the rules of the department or the local rules of the facility" (7 NYCRR 270.2 [B] [14] [xiii]). Although petitioner maintained that he did not possess synthetic marihuana, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Amen v James*, 98 AD3d 772, 773 [2012]; *Matter of Perez v Fischer*, 69 AD3d 1279, 1279-1280 [2010]). In view of the foregoing, the determination is supported by substantial evidence and we decline to disturb it.

Stein, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.