*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                518842
_____

In the Matter of CHRISTINA
    SANABRIA,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:   October 21, 2014

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
          Clark, JJ.

                    _____

        Christina Sanabria, Bedford Hills, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Superintendent of Bedford
Hills Correctional Facility which found petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was observed tucking an item, which proved to be
a balled up piece of paper containing two yellow pills, into her
pants while she was being pat frisked.  The pills were identified
by a pharmacist as Clonidine, a medication used for pain and to
alleviate symptoms of opiate withdrawal.  Petitioner was charged
in a misbehavior report with violating various prison

disciplinary rules and, following a tier II disciplinary hearing, was found guilty of possessing unauthorized medication and smuggling. The determination was affirmed in relevant part upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

Petitioner contends that she was not provided with the necessary documentation to support the identification of the drug as Clonidine and, thus, the determination is not supported by substantial evidence. Substantial evidence supports the determination of guilt with regard to the smuggling charge, to which the documentation requirements of 7 NYCRR 1010.5 do not apply (see Matter of Harrison v Fischer, 104 AD3d 1032, 1033 [2013]; Matter of Quartieri v New York State Dept. of Correctional Servs., 70 AD3d 1071, 1072 [2010]). The Hearing Officer was free to credit the factually specific allegations in the misbehavior report regarding petitioner's efforts to hide items during a pat frisk, and her denials created a credibility question for the Hearing Officer to resolve (see Matter of Belot v Selsky, 47 AD3d 1149, 1149 [2008]; Matter of Ermmarino v New York State Dept. of Correctional Servs., 43 AD3d 517, 517-518 [2007]).

The determination of guilt with regard to possessing unauthorized medication, however, cannot stand. The procedure to be followed when a suspected contraband drug is found dictates that correction officials prepare "a request for test of suspected contraband drugs" and that "[e]ach person handling the suspected substance shall make an appropriate notation on the form to document . . . the chain of custody of the substance until it is identified" (7 NYCRR 1010.4 [b]). Petitioner sought a copy of the request form with proof of chain of custody and, indeed, sought to have the charges against her dismissed because that document had not been provided to her. Despite her complaints, the Hearing Officer made no effort to obtain either the request form or any other proof to establish the chain of custody. Although the fact that a pharmacist "visually identified the pills" rendered it unnecessary to provide proof of chemical testing, foundational evidence regarding the chain of custody of those pills was still required (Matter of Campbell v Prack, 118 AD3d 1202, 1203 [2014]; see 7 NYCRR 1010.4 [d], [e];

Matter of Lindsay v Coughlin, 211 AD2d 920, 921 [1995]).
Inasmuch as "no evidence to substantiate the chain of custody"
was provided, substantial evidence does not support the
determination of guilt with regard to the unauthorized medication
charge (Matter of Price v Coughlin, 116 AD2d 898, 899 [1986]; see
Matter of Peralta v Artuz, 272 AD2d 330, 331 [2000).  Remittal
for a redetermination of the penalty is not required, as
petitioner has already served the penalty imposed and no loss of
good time was involved (see Matter of Fields v Prack, 120 AD3d
1510, 1511 [2014]).

        Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.,
concur.

        ADJUDGED that the determination is modified, without costs,
by annulling so much thereof as found petitioner guilty of
possessing unauthorized medication; petition granted to that
extent and respondent Superintendent of Bedford Hills
Correctional Facility is directed to expunge all references to
this charge from petitioner's institutional record; and, as so
modified, confirmed.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court