## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  August 6, 2015                    520267
_____

In the Matter of MARK CROSS,
                    Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., McCarthy, Garry and Clark, JJ.

_____

        Mark Cross, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        During an inspection of a trailer that had just been used by petitioner as part of the family reunion program, two balls of aluminum foil were discovered, each of which contained several white tablets that were later identified as acetaminophen and hydrocodone.  As a result, petitioner was charged in two misbehavior reports with possessing unauthorized medication, possessing contraband, possessing a controlled substance, smuggling and violating family reunion program procedures.  The misbehavior reports were subsequently combined for the purposes of the tier III disciplinary hearing, following which petitioner

was found guilty as charged.  The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, the Attorney General concedes, and we agree, that, because the charges contained in the misbehavior reports are identical and arose out of the same incident, the charges in the second misbehavior report are duplicative and should have been dismissed.  Concerning the first misbehavior report, the evidence presented was insufficient to establish compliance with the regulation governing the identification of substances suspected of being contraband drugs.  When "the substance is in tablet or capsule form, it shall be inspected at the facility pharmacy for possible identification" (7 NYCRR 1010.4 [d]).  The evidence establishes that the only pharmacy employee to have identified the substance as contraband drugs was a nurse who did so solely based on an examination of photographs of the tablets.  The unambiguous mandate of 7 NYCRR 1010.4 (d) requires inspection of the substance, and it does not permit an inspection of a depiction of the substance.  Accordingly, the identification procedure did not comply with 7 NYCRR 1010.4 (d).  In the absence of evidence that the tablets were identified as contraband drugs pursuant to proper procedure, substantial evidence does not support the findings of guilt regarding the first misbehavior report, all of which depended on the identification of the tablets (see Matter of Sanabria v Annucci, 123 AD3d 1328, 1330 [2014]).  Petitioner's remaining contentions are rendered academic by the foregoing.

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court