## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 23, 2016                    521930
_____

In the Matter of MICHAEL MAYS,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ROBERT CUNNINGHAM, as
    Superintendent of Woodbourne
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., Egan Jr., Rose, Mulvey and Aarons, JJ.

_____

        Michael Mays, Woodbourne, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior report with engaging in an unauthorized exchange, possessing unauthorized medication, possessing contraband, possessing stolen property, possessing altered items and possessing gang-related material.  Following a tier III disciplinary hearing, petitioner was found not guilty of engaging in an unauthorized exchange and possessing stolen property, but guilty of the remaining charges. The determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.

Initially, respondent concedes and we agree that substantial evidence does not support the charge of possessing gang-related material.  Accordingly, we annul that part of the determination.  Given that petitioner has already served the penalty and a loss of good time was not imposed, the matter need not be remitted for a reassessment of the penalty (see Matter of Young v Keyser, 136 AD3d 1084, 1084-1085 [2016]).  Inasmuch as petitioner has limited his brief to challenging only the charge of possessing gang-related material, he has abandoned any challenge to the findings of guilt with respect to the remaining charges (see Matter of Carter v Fischer, 117 AD3d 1262, 1262 [2014]; Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]).  We reject petitioner's contention that the Hearing Officer did not conduct a fair and impartial hearing and there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]; Matter of Kalwasinski v Bezio, 80 AD3d 1068, 1069 [2011]).  Petitioner's remaining claims have been examined and found to be without merit.

Peters, P.J., Egan Jr., Rose, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing gang-related material; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court