■ In the Matter of Brad McCaskell, Petitioner, v A. Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [48 NYS3d 642]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

While conducting a pat frisk of petitioner, who was working

as a porter at the time, a correction officer noticed that he was hiding an unknown object in his mouth. The officer directed petitioner to spit it out and, when he did, the officer recovered two small plastic bags containing a green-brown leafy substance. Based upon the officer's training and certain statements made by petitioner, the officer believed that the substance was K-2, also known as synthetic marihuana. As a result, petitioner was charged in a misbehavior report with possessing an intoxicant, possessing contraband and smuggling. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding followed.

With respect to that part of the determination finding petitioner guilty of possessing an intoxicant, respondent concedes, and we agree, that it is not supported by substantial evidence. Significantly, the record discloses a lack of compliance with the regulations governing the procedures to be followed in testing the substance and in using the test results (*see* 7 NYCRR 1010.4, 1010.5), as well as the absence of any hearing testimony concerning the testing procedures that were actually followed (*see Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Ruzas v Goord*, 268 AD2d 742, 743-744 [2000]). Moreover, the prohibition on contraband depends on whether or not an item is authorized (*see* 7 NYCRR 270.2 [B] [14] [xiii]); since the substance at issue was not adequately identified, substantial evidence does not support the determination that the substance was unauthorized and, therefore, contraband (*see Matter of Cross v Annucci*, 131 AD3d 758, 759 [2015]). Nonetheless, as a smuggling charge pertains to "any item" smuggled in or out of the facility or from one area to the other, the identification of the substance was not a prerequisite for that charge (7 NYCRR 270.2 [B] [15] [i]; *see Matter of Sanabria v Annucci*, 123 AD3d 1328, 1329 [2014]). Particularly in light of the proof that petitioner had secreted the substance in his mouth while working as a porter, and considering the misbehavior report, related documentation and testimony of the officer who conducted the pat frisk, substantial evidence supports petitioner's guilt of the charge of smuggling (*see Matter of Sanabria v Annucci*, 123 AD3d at 1329). Given that no loss of good time was imposed and petitioner has already served the penalty, we need not remit the matter for a redetermination of the penalty (*see Matter of Edwards v Annucci*, 131 AD3d 770, 770 [2015]; *Matter of Kim v Annucci*, 128 AD3d 1196, 1198 [2015]).

McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ.,

concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an intoxicant and possessing contraband; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.