Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A green leafy substance was found in petitioner’s cell that, after testing, was determined to be synthetic marihuana. Petitioner was charged in a misbehavior report with possessing contraband and possessing drugs. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was upheld on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
The misbehavior report, testimony of its author who administered the drug tests and a master drug test trainer who confirmed that the proper testing procedures were followed, as well as the positive drug test reports, provide substantial evi *1431 dence to support the determination of guilt (see Matter of Kaid v Prack, 140 AD3d 1511, 1511 [2016]). Petitioner’s claim that the present charges were barred by a prior disciplinary adjudication is without merit. Petitioner was previously charged with possessing the same contraband in another misbehavior report, but that charge was dismissed as duplica-tive of the charge in the misbehavior report in issue here. As the merits of petitioner’s guilt of possessing this contraband were not adjudicated in the prior hearing, neither principles of double jeopardy nor the doctrine of res judicata precluded this determination (see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; People v Vasquez, 89 NY2d 521, 527 [1997], cert denied 522 US 846 [1997]; cf. Matter of Gustus v Fischer, 64 AD3d 1034, 1034-1035 [2009]). Petitioner’s remaining claims, to the extent preserved, lack merit.
Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.