■ In the Matter of KEVIN KING, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [59 NYS3d 822]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's tobacco pouch revealed a green leafy substance, wrapped in plastic, which, in turn, was wrapped in blue paper. When asked to identify the green leafy substance,

petitioner informed the correction officer that it was "just garbage." The correction officer then notified his supervisor of the discovery and turned the substance over to another correction officer so that it could be tested for the presence of marihuana. The substance ultimately tested negative for marihuana, but the test consumed the entire amount confiscated from petitioner, thus preventing any further testing. Thereafter, the supervisor, who had observed the substance prior to its testing, identified it as synthetic marihuana, based upon his experience and training.

As a result, the correction officer who discovered the substance authored a misbehavior report charging petitioner with lying, possessing contraband and smuggling, and petitioner was later charged in another misbehavior report, authored by the supervisor, with possessing contraband. At the tier III disciplinary hearing on both reports, the contraband charge contained in the first misbehavior report was dismissed as duplicative. Petitioner pleaded guilty to the charge of lying and admitted that the carefully wrapped item was a green leafy substance that normally would not be found in a tobacco pouch. He also conceded that the supervisor's belief that the item was synthetic marihuana was reasonable. Petitioner was then found guilty of the remaining charges of smuggling and possessing contraband. The determination was affirmed on administrative appeal, with a modified penalty, and this CPLR article 78 proceeding ensued.

Petitioner's plea of guilty to the lying charge forfeited any challenge to the sufficiency of the evidence supporting the determination of guilt regarding that charge (*see Matter of Shufelt v Annucci*, 138 AD3d 1336, 1337 [2016]). Further, he has abandoned any challenge to the finding of guilt with respect to the smuggling charge by his failure to raise this issue in his brief (*see Matter of Mays v Cunningham*, 140 AD3d 1511, 1512 [2016]; *Matter of Carter v Fischer*, 117 AD3d 1262, 1262 [2014]). As for the remaining charge of possessing contraband, "an inmate shall not possess any item unless it has been specifically authorized" (7 NYCRR 270.2 [B] [14] [xiii]). Given petitioner's concessions and the supervisor's representations in the misbehavior report that his identification was based upon his prior training and experience, we find that the item contained in the tobacco pouch was adequately identified as synthetic marihuana and, therefore, the determination that it was unauthorized contraband is supported by substantial evidence (*see Matter of Oliver v Fischer*, 107 AD3d 1268, 1269 [2013] [confirming a finding of possession of contraband based

upon an experienced correction official's identification of the substance as synthetic marihuana, despite the fact that it tested negative for marihuana]).

Our recent decision in *Matter of McCaskell v Rodriguez* (148 AD3d 1407, 1408 [2017]) is distinguishable from this case inasmuch as *McCaskell* dealt with the additional charge of possessing an intoxicant, which required proof that the substance had been positively identified as an "intoxicant" via a drug test. Finding that the drug testing procedures were not followed in *McCaskell*, we annulled both the finding of possessing an intoxicant and possessing contraband (*id.*; *see Matter of Wendell v Annucci*, 149 AD3d 1430, 1430 [2017]; *Matter of Cross v Annucci*, 131 AD3d 758, 759 [2015]). Here, unlike *Mc-Caskell*, petitioner was only charged with possessing contraband and, although drug testing procedures were followed, they became irrelevant after the test produced a negative result for marihuana and the substance was entirely consumed during the testing process. Based upon the green leafy nature of the substance, we are of the view that it was entirely reasonable to first test it for the presence of marihuana. Given the negative result and complete depletion of the substance, we find that the trained and experienced supervisor was permitted to identify the substance as synthetic marihuana for the purpose of supporting the charge of possessing contraband, based upon having viewed it before it was tested.

Devine and Rumsey, JJ., concur.

McCarthy, J.P. (concurring in part and dissenting in part). We disagree with the majority's conclusion that the record contains substantial evidence to support the determination that petitioner is guilty of possessing contraband. Therefore, we respectfully dissent to the extent that the majority upholds the finding as to that charge.

Petitioner was charged with, and found guilty of, possessing contraband based on the accusation that he possessed synthetic marihuana. As a general matter, contraband is the possession of "any item" not "specifically authorized" (7 NYCRR 270.2 [B] [14] [xiii]). The Department of Corrections and Community Supervision (hereinafter DOCCS) has implemented regulatory provisions governing instances in which a correction officer finds a "substance . . . suspected of being a contraband drug" (7 NYCRR 1010.4). The regulations clearly delegate the task of identifying such a substance to specified professionals who are aided in their efforts by specified drug identification tests (*see* 7 NYCRR 1010.4 [d], [e], [f], [g]). As relevant here, if the substance suspected of being a contraband drug "has not been

conclusively identified at the facility pharmacy, it shall be tested by use of the narcotics identification kit . . . until a positive or negative result is obtained" (7 NYCRR 1010.4 [e]). This Court has upheld guilty findings on prison disciplinary charges for possessing contraband and drugs where drug testing, consistent with proper procedures, positively identified a substance as synthetic marihuana (*see Matter of Wendell v Annucci*, 149 AD3d 1430, 1430-1431 [2017]; *see generally* 7 NYCRR 1010.5). The requirements of this regulatory regime do not contemplate that, when the trained professionals fail to identify a suspected contraband drug, a correction officer who is not trained in these matters can offer his or her opinion that the substance is, in fact, a contraband drug so as to support the finding that an inmate is guilty of possessing contraband.

Here, the substance obtained from petitioner was not a pill that could be conclusively identified at the facility pharmacy (*see* 7 NYCRR 1010.4 [d]). A trained officer subjected the substance to a test for marihuana, with a negative result (*see* 7 NYCRR 1010.4 [e], [f]). Thus, the record contains no evidence that the substance was identified as a contraband drug in accordance with 7 NYCRR 1010.4. Given this failure to identify the substance as a contraband drug in accordance with DOCCS regulations, and further considering the fact that petitioner did not concede that the substance was synthetic marihuana,* the record lacks substantial evidence to support the determination of guilt that petitioner possessed contraband in the form of synthetic marihuana (*see Matter of McCaskell v Rodriguez*, 148 AD3d 1407, 1408 [2017]; *see generally Matter of Cross v Annucci*, 131 AD3d 758, 759 [2015]; *compare Matter of Wendell v Annucci*, 149 AD3d at 1430-1431; *but see Matter of Oliver v Fischer*, 107 AD3d 1268, 1268-1269 [2013]).

The supervisor who identified the substance as synthetic marihuana offered no details regarding his training or experience, nor any explanation of how they qualified him to make such an identification. Indeed, he did not testify, so the Hearing Officer was left to rely on a vague and conclusory statement included in a misbehavior report and repeated in a memorandum. Moreover, the quantity of the substance recovered apparently allowed for only one drug test, and the record

---

* As the majority notes, petitioner agreed that a person observing the substance could reasonably believe that it was synthetic marihuana. However, prison disciplinary charges must be supported by substantial evidence; it is irrelevant what petitioner thinks a correction officer could reasonably believe, and an unsubstantiated belief is not sufficient to support charges.

indicates that the substance was tested to discover whether it was marihuana. If the supervisor actually had the ability to identify synthetic marihuana and had, in fact, so identified the substance taken from petitioner when the supervisor viewed it before the testing was conducted, there is no explanation as to why he would thereafter have his subordinate use the entirety of the substance in a test for marihuana, which would not indicate a positive or a negative result for synthetic marihuana (*compare Matter of Wendell v Annucci*, 149 AD3d at 1430-1431). Thus, the record contains no evidence that the supervisor was qualified to identify synthetic marihuana, but does contain evidence that leads to an inference that he had, initially, incorrectly identified the substance as marihuana. The Hearing Officer should not have relied on the supervisor's second guess as to the nature of the substance, supported by nothing other than his own vague and self-serving statement regarding his training and experience.

These facts illustrate why DOCCS would not intend for substances that went unidentified pursuant to 7 NYCRR 1010.4 to nonetheless be found to be contraband drugs. Reading 7 NYCRR 1010.4 to permit such a conclusion would promote absurd incentives—if officials intentionally exhausted the supply of a recovered substance by testing for irrelevant drugs, they could then resort to offering the opinion of an untrained correction officer that the substance is a contraband drug for which no test was conducted. In the absence of a concession from an inmate that a substance is a contraband drug, we find that DOCCS intended that contraband drugs be identified by complying with 7 NYCRR 1010.4. We do not rule out the possibility that the testimony of a trained officer may be sufficient to identify such a substance, but the record must establish the officer's qualifications to make such an identification. The record here does not include such information.

The majority, attempting to distinguish our recent decision in *Matter of McCaskell v Rodriguez* (148 AD3d at 1408), explains that the inmate in that case was charged with possessing an intoxicant as well as possessing contraband, and the drug testing procedures were not followed. There, we noted that the correction officer who discovered the item believed, based on his or her training and certain statements made by the inmate, that the leafy substance was synthetic marihuana (*id.*). Errors in the drug testing procedure may have required annulment of the charge regarding possession of an intoxicant, but did not automatically require annulment of the contraband charge. Instead, we held that substantial evidence did not sup-

port the latter charge because "the substance at issue was not adequately identified," notwithstanding the officer's belief, based on his or her training, regarding the nature of the substance (*id.*).

Although petitioner here was not charged with violating the rule prohibiting possession of drugs (*see* 7 NYCRR 270.2 [B] [14] [xv]), but with the one prohibiting possession of contraband (*see* 7 NYCRR 270.2 [B] [14] [xiii]), the supervisor's misbehavior report identified the alleged contraband as synthetic marihuana, based only on his "experience and training." The Hearing Officer, in his disposition finding petitioner guilty of possessing contraband, pointed to the supervisor's determination that the substance was synthetic marihuana and asserted that possession of synthetic marihuana in that part of the facility created a significant safety issue. No DOCCS employee has asserted that the substance was some type of contraband other than synthetic marihuana. While contraband can include anything that is not "specifically authorized" (7 NYCRR 270.2 [B] [14] [xiii]), the substance here "was not adequately identified," leaving no basis to classify it as contraband (*Matter of McCaskell v Rodriguez*, 148 AD3d at 1408).

As the record lacks substantial evidence to support the charge of possessing contraband, we would modify the determination by annulling so much thereof as found petitioner guilty of that charge.

Aarons, J., concurs. Adjudged that the determination is confirmed, without costs, and petition dismissed.