Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was among a group of inmates who were being escorted to the mess hall when a correction officer pulled one inmate out of line to be pat frisked. The remaining inmates, including petitioner, were given direct orders by two different correction officers to proceed to the mess hall, but they refused and remained in the corridor. Additional staff were called to the area and, after the pat frisk of the inmate was concluded and he rejoined the group, petitioner and the rest of the inmates continued to the mess hall. As a result of this incident, petitioner was charged in two misbehavior reports, authored by different correction officers, with multiple prison disciplinary rule violations. At the conclusion of a combined tier III disciplinary hearing, petitioner was found guilty of two counts of engaging in a demonstration, two counts of creating a disturbance, two counts of refusing a direct order and two counts of violating facility movement regulations. The determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
 

 Initially, petitioner has abandoned any challenge to that part of the determination finding him guilty of violating facility movement regulations by not raising it in his brief (see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1471 [2017]; Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]). As for the remaining charges, the detailed misbehavior reports, related documentation and testimony of correction personnel familiar with the incident provide substantial evidence supporting the determination of guilt (see Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]; Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]). Respondent, however, concedes and we agree that, to the extent that petitioner was found guilty of two counts of engaging in a demonstration and two counts of creating a disturbance arising from the very same incident, the additional count on each violation is duplica-tive and the determination of guilt must be modified by annulling so much thereof as found petitioner guilty of these additional counts (see Matter of Simmons v Prack, 132 AD3d 1217, 1217 [2015]; see also Matter of Cross v Annucci, 131 AD3d 758, 759 [2015]). Nevertheless, insofar as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted (see Matter of Dushain v Annucci, 152 AD3d 1120, 1121 [2017]; Matter of Taylor v Lee, 152 AD3d 1125, 1126 [2017]). Contrary to petitioner’s claim, the misbehavior reports were sufficiently detailed to provide him with notice of the charges to enable him to prepare a defense (see Matter of Watson v New York State Dept. of Correctional Servs., 82 AD3d 1435, 1436 [2011]; Matter of Rios v Fischer, 59 AD3d 797, 797 [2009]). Furthermore, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d 1238, 1240 [2016]; Matter of Sherman v Annucci, 142 AD3d 1196, 1198 [2016]). We have considered petitioner’s remaining claims, to the extent that they have been preserved, and find them to be lacking in merit.
 

 Egan Jr., J.P., Rose, Clark, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of one of the counts of creating a disturbance and one of the counts of engaging in a demonstration; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner’s institutional record; and, as so modified, confirmed.