Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
 

 During a search of petitioner’s cube, a correction officer found a green leafy substance inside the fingertip of a latex glove that he recovered from the top of petitioner’s small locker under a towel. The substance tested negative for marihuana, but positive for amphetamines. Based on the test results and the physical appearance of the substance, a correction sergeant determined that it was synthetic marihuana. Consequently, petitioner was charged in a misbehavior report with possessing a controlled substance, possessing an intoxicant and possessing contraband. Following a tier III disciplinary hearing, he was found guilty of possessing contraband, but not guilty of the other two charges. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report and related documentation, including the test results, together with the testimony of the correction officer who tested the substance and that of the sergeant who, based on his training and experience, identified it as synthetic marihuana, provide substantial evidence supporting the determination of guilt (see Matter of Sealy v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1127 [2017], lv denied 29 NY3d 912 [2017]; Matter of Curry v Fischer, 113 AD3d 981, 982 [2014]; Matter of Oliver v Fischer, 107 AD3d 1268, 1268-1269 [2013]; see also Matter of King v Venettozzi, 152 AD3d 1115, 1116-1117 [2017]). Contrary to petitioner’s claim, the fact that he was found not guilty of the other two charges does not compel a contrary conclusion as the disciplinary rule at issue provides, in relevant part, that “an inmate shall not possess any item unless it has been specifically authorized” (7 NYCRR 270.2 [B] [14] [xiii]). Petitioner was not authorized to possess a substance containing amphetamines and, to the extent that he denied that it was his, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Oliver v Fischer, 107 AD3d at 1269). In view of the foregoing, we find no reason to disturb the determination of guilt.
 

 Garry, J.P., Egan Jr., Devine, Clark and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.