Matter of Phillips v Annucci (2018 NY Slip Op 02846)





Matter of Phillips v Annucci


2018 NY Slip Op 02846


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525028

[*1]In the Matter of MARQUIS PHILLIPS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Marquis Phillips, Elmira, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was placed on contraband watch after he was observed swallowing an object in the prison yard. Resulting searches revealed the tips of two plastic gloves, both of which contained a green leafy substance. Petitioner thereafter received two misbehavior reports, each charging him with possessing drugs, possessing contraband and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR
article 78 proceeding.
Initially, respondent concedes, and we concur, that the evidence presented was insufficient to support the two charges of possessing drugs. The underlying determination must be annulled to that extent but, inasmuch as no recommended loss of good time was imposed and the remainder of the penalty has been served, we need not remit for a redetermination thereof (see Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]; Matter of Washington v Lee, 156 AD3d 1033, 1034 [2017]).
Turning to the remaining charges, the misbehavior reports, the watch log and the testimony of the correction officer who was on watch and performed the searches provide substantial evidence to support the finding of guilt (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Clark v Fischer, 111 AD3d 1045, 1045-1046 [2013]). Any discrepancies between the misbehavior reports and the watch log were adequately explained (see Matter of Beauchamp v Annucci, 153 AD3d 1506, 1506 [2017]; Matter of Miller v Venettozzi, 149 AD3d 1451, 1451-1452 [2017]). Finally, contrary to petitioner's argument, the record demonstrates that the finding of guilt was premised on the evidence presented and not from any alleged hearing officer bias (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]; Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 854 [2017]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of two charges of possessing drugs; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.