Matter of Duchnowski v Annucci (2019 NY Slip Op 00514)





Matter of Duchnowski v Annucci


2019 NY Slip Op 00514


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526744

[*1]In the Matter of LEO DUCHNOWSKI, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Leo Duchnowski, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a correction officer observed petitioner in a room attempting to roll a cigarette, he entered and directed petitioner to stand in the corner while he frisked the bed and surrounding area. The officer found part of a toilet paper wrapper with an unknown green leafy substance inside and more of the substance on the bed sheet. When asked, petitioner stated that the substance was a leaf from an apple that he taken from the mess hall. The substance later tested positive for synthetic marihuana. As a result, petitioner was charged in a misbehavior report with possessing a controlled substance, smuggling and giving a false statement. He was found guilty of these charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, supporting documentation, positive NARK II test results and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Karacostantakis v Annucci, 156 AD3d 1092, 1093 [2017]; Matter of Wendell v Annucci, 149 AD3d 1430, 1430-1431 [2017]). Although petitioner denied that the green leafy substance was synthetic marihuana, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Guzman v Annucci, 156 AD3d 1069, 1070 [2017]; Matter of Jones v Venettozzi, 153 AD3d 1073, 1073 [2017]). Moreover, contrary to petitioner's claim, the regulations governing use of the NARK II test results, like those governing the use of NIK test results, do not require that the substance be tested a second time after an initial positive test result has been obtained (see 7 NYCRR 1010.8 [c], [d]; Matter of Staine v Fischer, 111 AD3d 999, 1000 [2013]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]). We have [*2]considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.