Matter of Cordova v Annucci (2021 NY Slip Op 06133)





Matter of Cordova v Annucci


2021 NY Slip Op 06133


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533146
[*1]In the Matter of Joseph Cordova, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Joseph Cordova, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a search of petitioner's cell uncovered five strips of what subsequently tested positive for buprenorphine in the fingertip of a blue, plastic glove concealed in a bottle of baby powder and two identification cards, petitioner was charged in a misbehavior report with possessing contraband, possessing drugs and possessing an unauthorized identification. Following a tier III disciplinary hearing, petitioner was found guilty of all charges.[FN1] Following an administrative review of the hearing and based upon information regarding potential inconsistencies with the manufacturer's instructions for the drug test kit used to identify the strips discovered in petitioner's cell, respondent modified the determination of guilt to the extent of dismissing the charge of possessing drugs. This CPLR article 78 proceeding ensued.
We are unpersuaded by petitioner's contention that dismissal of the contraband charge is required because the strips confiscated from his cell were not adequately identified so that they could be classified as contraband. Pursuant to Department of Correction and Community Supervision rules, contraband consists of the possession of "any item unless it has been specifically authorized" (7 NYCRR 270.2 [B] [14] [xiii]). The misbehavior report, which states that the strips at issue were wrapped in the finger of a rubber glove and concealed in a bottle of baby powder, together with the testimony at the hearing and the supporting documentation indicating that petitioner admitted that the strips were buprenorphine, provide substantial evidence to support the determination that petitioner was guilty of possessing contraband (see Matter of Ortiz v Venettozzi, 158 AD3d 865, 865 [2018]; Matter of King v Venettozzi, 152 AD3d 1115, 1116 [2017]; compare Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]). Contrary to petitioner's contention, a test identifying the strips was not required given the testimony at the hearing that petitioner, while being escorted for a strip search by correction facility staff, admitted that the strips were buprenorphine (see Matter of Jones v Venettozzi, 153 AD3d 1073, 1073 [2017]). Although petitioner denied possessing the contraband or making any admission regarding the strips, this created a credibility issue for the Hearing Officer to resolve (see Matter of Karacostantakis v Annucci, 156 AD3d 1092, 1093 [2017]).[FN2] We have reviewed petitioner's contention that the Hearing Officer was biased and find it to be without merit.
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner pleaded guilty to possessing an unauthorized identification card but not guilty to the remaining charges.

Footnote 2: Although the administrative appeal documents do not appear within our record, it appears that petitioner followed the proper procedural course in raising and preserving the issues addressed herein.