Matter of Medina v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 03167)





Matter of Medina v New York State Dept. of Corr. & Community Supervision


2022 NY Slip Op 03167


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

533714
[*1]In the Matter of Victor Medina, Petitioner,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:April 15, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Victor Medina, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon, possessing drugs, possessing contraband and tampering with state property. The drugs and contraband — consisting of two hand-rolled cigarettes — were discovered during an initial search of petitioner's cube, while the weapon/altered item — a sharpened plastic rod — was discovered during the course of packing up petitioner's cube. Petitioner pleaded guilty to possession of drugs and possession of contraband and, following a hearing, was found guilty of the remaining charges. Upon administrative review, the drug possession charge was dismissed in the interest of fairness due to an inconsistency in the drug testing kit. Petitioner's further attempt at administrative review was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. Preliminarily, because petitioner pleaded guilty to possessing contraband, he is precluded from challenging the evidentiary basis for that charge (see Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [2021]; Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision, 193 AD3d 1160, 1161 [2021]). Additionally, inasmuch as petitioner readily and consistently admitted that the cigarettes found in his cube contained synthetic marihuana, dismissal of the drug possession charge did not compel dismissal of the contraband charge (see Matter of Cordova v Annucci, 199 AD3d 1152, 1153 [2021]; compare Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]). As to the remaining charges, the misbehavior report and the testimony of the correction officer who discovered the weapon/altered item, coupled with petitioner's acknowledgment that he searched the cube when he moved in and signed a form to that effect, provide substantial evidence to support the finding of guilt (see Matter of Evans v Annucci, 197 AD3d 1476, 1477 [2021]; Matter of Urena v Keyser, 197 AD3d 1452, 1452 [2021]). Petitioner's remaining contentions, including his claim of hearing officer bias, are either unpreserved for our review or lacking in merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.