Matter of Then v Annucci (2023 NY Slip Op 01037)

Matter of Then v Annucci

2023 NY Slip Op 01037

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

534604
[*1]In the Matter of Rafael Then, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:January 13, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Rafael Then, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's housing unit, an Office of Special Investigations (hereinafter OSI) K-9 dog working with correction officers alerted to the possible presence of drugs in petitioner's groin area. During the ensuing strip frisk, petitioner surrendered a latex glove containing a green leafy substance which the OSI K-9 officer visually identified as synthetic marihuana or K2, although no chemical tests were conducted. Following a tier III disciplinary hearing, petitioner was found guilty as charged in a misbehavior report with drug possession, drug distribution and smuggling. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Petitioner argues, as he did at the hearing, that the recovered substance was not properly identified as synthetic marihuana under the governing regulations (see 7 NYCRR part 1010). Pursuant to the applicable regulation, "[w]hen a substance is found which is suspected of being a contraband drug," certain steps are required, including initiating a "request for [a] test" and, if the substance is not "identified immediately," the substance must be stored and "inspected at the facility pharmacy for possible identification, or if appropriate pharmacy staff are not available, with the assistance of nursing staff" (7 NYCRR 1010.4 [b], [c], [d]). Thus, the regulation delegates the task of identifying substances to certain designated professionals and, "[i]f the substance has not been conclusively identified at the facility pharmacy," the identification must be made using specified narcotics identification kits (NIK and NARK II) (7 NYCRR 1010.4 [e]; see 7 NYCRR 1010.2).[FN1]
At the prison disciplinary hearing, it was established that the suspected substance was not subjected to chemical testing, nor was there any evidence indicating that facility pharmacy or nursing staff inspected or visually identified the substance (compare Matter of Wiggins v Venettozzi, 203 AD3d 1362, 1362 [3d Dept 2022]; Matter of Favreau v Venettozzi, 173 AD3d 1587, 1587 [3d Dept 2019]). Rather, the substance was visually identified as synthetic marihuana by the OSI K-9 officer. However, the regulation does not authorize an OSI officer to identify suspected substances as drugs.[FN2]
 Similarly, testimony regarding the K-9 alerting to petitioner's groin area did not suffice to comply with the regulation. While there was testimony that petitioner admitted that he possessed K2,[FN3] this would, at most, establish a charge of possession of contraband, but not drug possession. Unlike a drug-related disciplinary charge, which requires compliance with the aforementioned identification procedures (see 7 NYCRR 270.2 [B] [14] [xxiii], [xxiv] [rules 113.33 & 113.34]; 7 NYCRR 1010.4[*2]), the prohibition on contraband merely depends on whether or not an item is authorized (see 7 NYCRR 270.2 [B] [14] [xiii] [rule 113.23]; compare Matter of Medina v New York State Dept. of Corrections & Community Supervision, 205 AD3d 1192, 1193 [3d Dept 2022]). In light of the lack of compliance with regulatory procedures, the identity of the substance was not properly established (see Matter of Truman v Venettozzi, 156 AD3d 974, 975 [3d Dept 2017]; Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [3d Dept 2017]). Accordingly, the drug possession and drug distribution charges are not supported by substantial evidence, and the finding of guilt as to those charges must be annulled (see Matter of Jones v Smith, 64 NY2d 1003, 1006 [1985]; Matter of Scott v Prack, 117 AD3d 1300, 1301 [3d Dept 2014]).
As for the remaining charge of smuggling, this charge only requires that "any item" be smuggled in or out of the facility or from one area to another (7 NYCRR 270.2 [B] [15] [i] [rule 114.10]), and does not require proof that the item was a drug or contraband. However, in finding petitioner guilty of this charge, the Hearing Officer expressly based his finding on the OSI K-9 officer's conclusion that the substance was synthetic marihuana, and therefore must have been smuggled in from outside the facility. As noted above, this conclusion was flawed. Given that, and because there was no proof at the hearing that the substance in question was moved from one area to another, the finding as to this charge is also unsupported by substantial evidence and must be annulled.
Egan Jr., J.P., Lynch, Clark and Fisher, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.

Footnotes

Footnote 1: The applicable drug testing directive in effect at the time of the hearing was consistent with these protocols (see NY St Dept of Corr & Community Supervision Directive former No. 4938 [Jan. 10, 2020]).

Footnote 2:To the extent that the Hearing Officer relied upon an internal memorandum issued shortly before the hearing by the Deputy Commissioner of Corrections and Community Supervision, purporting to allow OSI staff to visually identify substances suspected to be drugs, that memorandum was not controlling, because it "set[s] standards that substantially alter or, in fact, can determine the result of future agency adjudications" and therefore should have been promulgated in the manner of a regulation (Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan, 140 AD3d 1329, 1331 [3d Dept 2016] [internal quotation marks and citations omitted], appeal dismissed 28 NY3d 1168 [2017], lv denied 29 NY3d 910 [2017]; see Matter of Jones v Smith, 64 NY2d 1003, 1006 [1985]).

Footnote 3: At the hearing, petitioner denied making this admission and claimed that the substance was seasoning.