Matter of Junious v Annucci (2024 NY Slip Op 01749)

Matter of Junious v Annucci

2024 NY Slip Op 01749

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

535295
[*1]In the Matter of Malquan Junious, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 9, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Malquan Junious, Rome, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with assaulting staff, engaging in violent conduct, making threats, refusing a direct order, possessing contraband, possessing an intoxicant and smuggling. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found not guilty of possessing an intoxicant and guilty of the remaining charges. Petitioner, who had served 18 days of prehearing confinement in the special housing unit, was penalized with an additional 252 days of confinement in said unit and 270 days of loss of recreation, commissary and packages. Petitioner's administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.
Respondent concedes, and we agree, that the determination must be annulled insofar as it found petitioner guilty of assaulting staff, engaging in violent conduct, making threats, refusing a direct order and possessing contraband. Respondent suggests that the determination of guilt as to the remaining charge of smuggling may be sustained despite the annulment of the determination of guilt as to the contraband and other charges but, given the lack of proof establishing that the material in petitioner's possession was contraband or drugs or that he had taken it from one area of the prison to another under his own volition, the finding as to that charge is also unsupported by substantial evidence in the record (compare Matter of Then v Annucci, 213 AD3d 1183, 1185-1186 [3d Dept 2023], with Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [3d Dept 2017]). Thus, the determination is annulled in its entirety.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted to that extent, and respondent is directed to expunge all references to these matters from petitioner's institutional record.