Matter of Daum v Rodriguez (2025 NY Slip Op 00510)

Matter of Daum v Rodriguez

2025 NY Slip Op 00510

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-24-0686
[*1]In the Matter of Terry Daum, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:January 3, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Terry Daum, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. According to the first misbehavior report, a search of petitioner's cell — which was prompted by an odor of marihuana emanating from petitioner's cell — resulted in a correction officer finding a partially-smoked, hand-rolled cigarette on the windowsill of petitioner's cell containing a green leafy substance. The correction officer identified the substance as marihuana based upon his experience, training, the substance's appearance and pungent odor, as well as a conversation with petitioner. Petitioner was thereafter charged in the first misbehavior report with possessing drugs, smuggling, possessing contraband and smoking in an undesignated area. As a result of this incident, petitioner was ordered to submit a urine sample and, after his urine tested positive for the presence of cannabinoids, petitioner was charged in a second misbehavior report with using drugs.
Following a combined tier III hearing, petitioner was found guilty of all charges. Upon administrative appeal, that determination was modified by dismissing the charges of possessing drugs and smuggling and reducing the penalty imposed, but it was otherwise affirmed as to the finding of guilt of possessing contraband, smoking in an undesignated area and using drugs. Petitioner thereafter commenced this CPLR article 78 proceeding.
Initially, we are unpersuaded by petitioner's contention that the determination of guilt is not supported by substantial evidence. With respect to the charges of possessing contraband and smoking in an unauthorized area, the first misbehavior report, related documentation, testimony at the hearing and the inferences to be drawn therefrom provide substantial evidence to support the determination of guilt as to those charges (see Matter of King v Venettozzi, 152 AD3d 1115, 1116 [3d Dept 2017]; Matter of Oliver v Fischer, 107 AD3d 1268, 1268-1269 [3d Dept 2013]). Although the content of the cigarette was too small to test, the correction officer who discovered the partially-smoked, hand-rolled cigarette in petitioner's cell was able to identify the green leafy substance as marihuana based upon, among other things, his training, experience and its odor (see Matter of Adams v Annucci, 160 AD3d 1331, 1332 [3d Dept 2018]; Matter of King v Venettozzi, 152 AD3d at 1116). To the extent that petitioner was also found guilty of using drugs, substantial evidence in the form of the second misbehavior report, results of the urinalysis test and testimony at the hearing supports the determination with regard to that charge (see Matter of Finnegan v Lamanna, 179 AD3d 1375, 1376 [3d Dept 2020]; Matter [*2]of Green v Annucci, 148 AD3d 1443, 1444 [3d Dept 2017], lv denied 29 NY3d 916 [2017]).
Turning to petitioner's procedural challenges, we are unpersuaded that the positive results of the urinalysis test were unreliable because proper procedures were not followed. Although petitioner's medications were not listed on the request for urinalysis form, the representative from the facility that performed the confirmatory test of petitioner's urine specimen was provided with a list of petitioner's medications at the hearing. The representative testified that, despite petitioner's medications, there could be no false positive as the test is compound specific for cannabinoids (see Matter of Rahman v Annucci, 172 AD3d 1810, 1810-1811 [3d Dept 2019]; Matter of Matthews v Annucci, 162 AD3d 1432, 1433 [3d Dept 2018]). The representative further testified that any delay in obtaining the temperature of the specimen at the time it was collected did not compromise the results of the drug-screening test as the purpose of the temperature was to ensure the validity of the sample itself (see generally Matter of Adams v Goord, 2 AD3d 927, 928 [3d Dept 2003]).
We are also unpersuaded by petitioner's contention that his employee assistant's failure to interview witnesses requires annulment of the determination. Petitioner has not demonstrated how he was prejudiced by the assistant's alleged deficiencies (see Matter of Woods v Annucci, 222 AD3d 1098, 1099 [3d Dept 2023]; Matter of Nance v Annucci, 147 AD3d 1180, 1181 [3d Dept 2017]). Furthermore, the Hearing Officer remedied any alleged defect in the prehearing assistance by having all but one [FN1] of the witnesses specifically identified by petitioner testify at the hearing (see Matter of Davis v Venettozzi, 152 AD3d 1112, 1113 [3d Dept 2017]; Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]; Matter of Kimbrough v Fischer, 96 AD3d 1256, 1257 [3d Dept 2012]). Petitioner's remaining contentions, including that the matter should be reduced to a tier II disciplinary determination, have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although petitioner requested a witness from the Office of Special Investigation, the Hearing Officer denied this witness, as the witness was not involved in the investigation leading to the charges. In any event, petitioner does not challenge the basis for the denial of such witness.