Matter of Ruben v Martuscello (2025 NY Slip Op 04291)

Matter of Ruben v Martuscello

2025 NY Slip Op 04291

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1768
[*1]In the Matter of Mendez Ruben, Also Known as Ruben Mendez, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 20, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Mendez Ruben, Ray Brook, petitioner pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A search of petitioner's cell uncovered "two styrofoam coolers with altered/false bottoms" with hidden compartments. In the hidden compartments, a correction officer found, among other things, a Ziploc bag containing a green leafy substance. As a result, petitioner was charged in a misbehavior report with possession of an altered item, distributing drugs, possession of contraband and smuggling. Following a tier III disciplinary hearing, a Hearing Officer found petitioner not guilty of smuggling and distributing drugs but guilty of possession of an altered item and contraband. Upon administrative review, the determination was affirmed, and petitioner commenced this CPLR article 78 proceeding.
Petitioner contends that the contraband charge should be dismissed because the items confiscated from the cooler were not adequately identified in order to be classified as contraband. We disagree. Pursuant to Department of Corrections and Community Supervision rules, incarcerated individuals are prohibited from possessing "any item unless it has been specifically authorized" (7 NYCRR 270.2 [B] [14] [xiii]). The correction officer who authored the misbehavior report testified that, based upon his experience and training, the green leafy substance found in the hidden compartments of the coolers was synthetic marihuana, which incarcerated individuals are not authorized to possess. Given this testimony, and the fact that the substance was secreted in a hidden compartment, substantial evidence supports the finding that petitioner possessed unauthorized contraband in violation of the disciplinary rule (see Matter of King v Venettozzi, 152 AD3d 1115, 1116 [3d Dept 2017]; Matter of Oliver v Fischer, 107 AD3d 1268, 1269 [3d Dept 2013]; Matter of Gittens v Coughlin, 184 AD2d 812, 813 [3d Dept 1992]).
As to the remaining charge of possessing an altered item, the misbehavior report, hearing testimony and related documentary/photographic evidence provide substantial evidence to support the determination of guilt (see Matter of Sealey v Annucci, 177 AD3d 1072, 1072 [3d Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Ortiz v Venettozzi, 158 AD3d 865, 865 [3d Dept 2018]). The testimony of petitioner and his witnesses that he did not possess the coolers in question presented credibility issues for the Hearing Officer to resolve (see Matter of Waters v Annucci, 225 AD3d 1029, 1030 [3d Dept 2024]; Matter of Daniels v Venettozzi, 219 AD3d 1000, 1001 [3d Dept 2023]). Petitioner's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.