■ In the Matter of RAYMOND LINDSAY, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [621 NYS2d 398] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

At about 1:45 P.M. on July 1, 1993, petitioner, an inmate at Ossining Correctional Facility in Westchester County, was assaulted in the exercise yard. After being taken to the emergency room for treatment, he was removed to the special housing unit to be admitted to involuntary protective custody. However, before admission, he was searched by a correction officer who observed petitioner attempting to dispose of a plastic bag of pills he was holding in his hand. The correction officer obtained the bag which contained 61 pills; 19 brown pills marked M36 and 42 green pills marked Mytan 477. An emergency room nurse at the facility identified the brown pills as Elavil, 50 mg, and the green pills as Valium, 10 mg. This information was made part of a misbehavior report charging petitioner with possession of a controlled substance and smuggling. After a hearing petitioner was found guilty of both charges and the determination was subsequently affirmed on administrative appeal. This proceeding ensued.

As there is no question that a written misbehavior report which is relevant and probative can serve as the evidentiary basis for determining that an inmate violated the rules of the institution (see, People ex rel. Vega v Smith, 66 NY2d 130),

petitioner's main argument is that respondents failed to comply with 7 NYCRR 1010.4 and 1010.5 in that the suspected contraband was not properly tested and the required forms were not placed into evidence at the hearing. Thus, petitioner contends that there was a lack of substantial evidence and the determination of guilt should be annulled. We disagree.

Petitioner ignores 7 NYCRR 1010.4 (d) and (e), which provide that if the suspected substance is in tablet or capsule form it shall be inspected at the facility pharmacy for possible identification, and only if it is not conclusively identified shall it be tested by the use of a narcotics identification kit. The proof here shows that a facility nurse identified the pills as a commonly available antidepressant Elavil and a tranquilizer Valium. This identification, which was not challenged by petitioner at the hearing, makes it unnecessary for the Hearing Officer to have the pills chemically tested in a laboratory *(see, Holt v Caspari*, 961 F2d 1370, *cert denied* — US —, 113 S Ct 190; *Matter of Jackson v Lacy*, 202 AD2d 931).

The second issue raised by petitioner was that petitioner was not present during the testimony of a witness, a correction officer, who testified by telephone. However, the right to be present applies only when an inmate calls a witness and not, as here, when the witness is called by the Hearing Officer *(see, Matter of Graham v New York State Dept. of Correctional Servs.*, 178 AD2d 870, *lv denied* 79 NY2d 756).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.