■ In the Matter of TERENCE BODDIE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [794 NYS2d 693]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

When a correction officer observed petitioner sleeping in his unkempt cell during cleanup hours, the officer woke petitioner by striking a nearby locker and informed him that his cell was not in compliance. Petitioner demanded to speak with a sergeant and was told by the officer that his request would not be granted until his cell was cleaned. Petitioner then became loud and boisterous in the presence of other inmates, eventually spoke with the sergeant who appeared on the floor and, after further words with the officer, ultimately cleaned his cell. He was subsequently charged in a misbehavior report with numerous disciplinary rule violations and was found guilty after a tier III disciplinary hearing of creating a disturbance, refusing a direct order and having an untidy cell. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the officer who prepared it, provide substantial evidence supporting the determination of guilt (*see Matter of Wigfall v Goord*, 16 AD3d 791 [2005]; *Matter of Kennedy v Lacy*, 277 AD2d 625, 625 [2000]). Petitioner's assertion that the officer who wrote the misbehavior report did so in retaliation for petitioner having spoken with the sergeant presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Jamison v Goord*, 8 AD3d 860, 860 [2004]), as did the contrary testimony of petitioner's inmate witnesses (*see Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004]). We find no merit to petitioner's claim that the officer's failure to complete a cube inspection form absolved him of guilt.

Cardona P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.