■ In the Matter of SCOTT MORRISON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [973 NYS2d 884]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner created a commotion in his cell by kicking the door and refusing a correction officer's directive to cease such conduct. During the ensuing verbal exchange with the officer, petitioner exhibited a belligerent attitude, using profanity and telling the officer that he was going to do as he pleased. As a result, he was charged in a misbehavior report with numerous disciplinary rule violations. About an hour later when petitioner was brought to an area to be strip frisked, he would not remove his sweatshirt, exhibited aggressive behavior and failed to comply with officers' directives, necessitating the use of physical force to complete the strip frisk. Petitioner was then charged in a second misbehavior report with additional prison disciplinary rule violations.

A combined tier III disciplinary hearing was thereafter conducted on the charges contained in both reports. At the conclusion of the hearing, petitioner was found guilty of interfering with an employee and refusing a direct order as charged in the first misbehavior report. With regard to the second misbehavior report, he was found guilty of creating a disturbance, interfering with an employee, refusing a direct order, refusing a frisk and refusing to accept a double-bunk assignment. On administrative appeal, the two charges of interfering with an employee were dismissed, but the remainder of the determination was upheld as was the penalty. This CPLR article 78 proceeding ensued.

We confirm. With respect to the initial incident in which petitioner repeatedly kicked his cell door, the first misbehavior

report and the testimony of the correction officer who prepared it provide substantial evidence supporting that part of the determination finding petitioner guilty of refusing a direct order (*see Matter of Ventimiglia v New York State Dept. of Correctional Servs.*, 94 AD3d 1327, 1328 [2012]; *Matter of Garcia v Bertone*, 91 AD3d 1217, 1218 [2012]). Notably, petitioner does not contest the evidence supporting the remainder of the determination. As for his contentions that his alleged acceptance of a double-bunk assignment while serving this penalty entitled him to discretionary reduced confinement, these are more appropriately pursued via the prison grievance procedure (*see Matter of Davis v Goord*, 301 AD2d 1002, 1003 [2003], *lv dismissed* 100 NY2d 534 [2003]; *Matter of Parrilla v Senkowski*, 300 AD2d 870, 871 [2002], *lv denied* 99 NY2d 510 [2003]), not in the context of the instant CPLR article 78 proceeding (*see Matter of Johnson v Ricks*, 278 AD2d 559 [2000], *lv denied* 96 NY2d 710 [2001]; *Matter of Keith v Coombe*, 235 AD2d 879, 880 [1997]). Accordingly, we find no reason to disturb the determination of guilt.

Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.