In the Matter of JARVIS CAMPBELL, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [986 NYS2d 896]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following a family reunion visit, petitioner's possession bag was searched and a prescription medication bottle with his wife's name on it was discovered. The bottle contained several pills, seven of which were identified by the facility nurse as Ionamin, a controlled substance. Petitioner was thereafter charged in a misbehavior report with lying, possession of unauthorized medication, possession of a prohibited item, possession of a controlled substance, smuggling and violating family reunion program procedures. Following a tier III disciplinary hearing, petitioner was found not guilty of lying, but guilty of the remaining charges. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and the hearing testimony of the report's author and the facility nurse provided substantial evidence supporting the determination of guilt (*see Matter of Myers v Fischer*, 107 AD3d 1189, 1189 [2013], *appeal dismissed* 22 NY3d 912 [2013]; *Matter of Williams v Goord*, 301 AD2d 983, 984 [2003]). Petitioner's claim

---

that he was improperly denied certain contraband drug testing documentation is also unavailing. The facility nurse visually identified the pills as Ionamin, making any further narcotic identification testing unnecessary (*see* 7 NYCRR 1010.4 [d], [e]; *Matter of Lindsay v Coughlin*, 211 AD2d 920, 921 [1995]). The nurse's testimony negated any possible prejudice to petitioner caused by the lack of drug testing forms (*see Matter of Delvalle v Coughlin*, 188 AD2d 812, 812 [1992]; 7 NYCRR 1010.5, 1010.8 [a]). Finally, contrary to petitioner's contention, the record established that a proper chain of custody of the pills was maintained (*see Matter of Fragosa v Moore*, 93 AD3d 979, 980 [2012]; *Matter of Martino v Goord*, 38 AD3d 958, 958-959 [2007]). Petitioner's remaining claims have been examined and found to be without merit.

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.