Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Through the course of an investigation, correction officers discovered petitioner’s involvement in a plan to have a package containing drugs mailed into the correctional facility addressed to another inmate and that he had used the facility telephone system in furtherance thereof. When the package arrived, it was found to contain 57 suboxone pills. As a result, petitioner was charged in a misbehavior report with smuggling, conspiring to possess a controlled substance, making third-party telephone calls and violating facility package procedures. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. Initially, to the extent that petitioner raises the issue of substantial evidence, the misbehavior report and related documentary evidence, phone conversation transcript, hearing testimony and confidential evidence support the determination of guilt (see Matter of Zimmerman v Annucci, 139 AD3d 1205, 1205-1206 [2016]; Matter of Sims v Fischer, 131 AD3d 1314, 1315 [2015]).
Turning to petitioner’s procedural challenges, the record reflects that the misbehavior report was sufficiently detailed to allow him to prepare a defense (see 7 NYCRR 251-3.1 [c]). Inasmuch as the charges were the result of an ongoing investigation, we find no error in the omission of specific dates and times of petitioner’s conduct (see Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]; Matter of Fareedullah v Fischer, 64 AD3d 1024, 1025 [2009], lv denied 13 NY3d 713 [2009]). Contrary to petitioner’s contention, the fact that the *1449 description of the amount of milligrams of suboxone contained in some of the pills was inaccurate did not deprive him of notice of the charges against him nor render the misbehavior report invalid (see generally Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]; Matter of Arriaga v Smith, 70 AD3d 1160, 1160 [2010]).
As to petitioner’s claim that he was denied certain drug testing documentation, given that the facility pharmacist visually identified the pills as suboxone, further drug testing was unnecessary and any possible prejudice to petitioner caused by the lack of documentation was negated (see Matter of Campbell v Prack, 118 AD3d 1202, 1202-1203 [2014]; Matter of Lindsay v Coughlin, 211 AD2d 920, 921 [1995]). Moreover, the documentary evidence and hearing testimony established that a proper chain of custody of the pills was maintained (see Matter of Campbell v Prack, 118 AD3d at 1203; Matter of Martino v Goord, 38 AD3d 958, 958-959 [2007]). Finally, although there were inaudible gaps in the hearing transcript, meaningful review is not precluded (see Matter of Bailey v Prack, 140 AD3d 1508, 1509 [2016], lv denied 28 NY3d 904 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]). Petitioner’s remaining claims are either unpreserved or lack merit.
Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.