Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 After observing another inmate enter and exit petitioner’s cell, a subsequent pat frisk of that inmate revealed a SONY Walkman with petitioner’s department identification number on it, and, upon further inspection, a correction officer found hidden inside the Walkman eight sublingual strips of suboxone. As a result, petitioner was charged in a misbehavior report with possession of contraband and drug possession. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, unusual incident report submitted for in camera review and the hearing testimony from the correction officer who discovered the contraband provide substantial evidence to support the determination of guilt (see Matter of Wendell v Annucci, 149 AD3d 1430, 1430-1431 [2017]; see also 7 NYCRR 270.2 [B] [14] [xiii], [xv]). Petitioner’s claim that there were no drugs inside of the Walkman when he tendered the device to another inmate created a credibility issue for the Hearing Officer to resolve (see Matter of Wallace v Annucci, 153 AD3d 1499, 1500 [2017]; Matter of Oliver v Fischer, 107 AD3d 1268, 1269 [2013]). To the extent that petitioner contends that the sublingual strips were not properly drug tested, the record establishes that the facility’s nurse visually identified the contraband as the prescription drug suboxone, and, therefore, further drug testing was unnecessary (see 7 NYCRR 1010.4 [d], [e]; Matter of Bernard v Annucci, 148 AD3d 1448, 1449 [2017]; Matter of Rivera v Prack, 138 AD3d 1267, 1268 [2016]; Matter of Campbell v Prack, 118 AD3d 1202, 1203 [2014]). Petitioner’s challenge to the chain of custody was not raised at the hearing and, therefore, is not preserved for our review (see Matter of Coates v Fischer, 108 AD3d 997, 998 [2013]; Matter of Torres v Selsky, 8 AD3d 775, 775 [2004]). We have reviewed petitioner’s remaining contentions and find them to be without merit.
 

 McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.,
 

 concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.