Matter of Ortiz v Venettozzi (2018 NY Slip Op 00587)





Matter of Ortiz v Venettozzi


2018 NY Slip Op 00587


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

524913

[*1]In the Matter of GILBERTO ORTIZ, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: December 13, 2017

Before: Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Gilberto Ortiz, Ossining, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
While a correction officer who was searching petitioner's cell noticed that petitioner kept adjusting his pants, he asked if petitioner had any contraband on him. Petitioner initially said no, but ultimately admitted that he did and pulled a clear package containing an orange powdery substance from the back of his pants, which petitioner identified as crushed suboxone pills. As a result, petitioner was charged in a misbehavior report with
smuggling, possessing contraband, possessing drugs and possessing unauthorized medication. Following a tier III disciplinary hearing, the Hearing Officer found petitioner guilty of smuggling and possessing contraband but not guilty of the remaining charges. That determination was affirmed upon petitioner's administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, the testimony of its author and the documentary/photographic evidence contained in the record provide substantial evidence to support the finding of guilt (see Matter of Campbell v Prack, 118 AD3d 1202, 1202 [2014]; Matter of Ferrer v Prack, 107 AD3d 1254, 1254 [2013]; Matter of Tafari v Selsky, 77 AD3d 991, [*2]991 [2010], lv denied 16 NY3d 706 [2011]). Notwithstanding the failure to identify the crushed substance by drug testing, petitioner's admission that the substance was suboxone and the circumstances of its recovery were sufficient to establish that he possessed contraband (see Matter of Campbell v Prack, 118 AD3d at 1202-1203; Matter of Ferrer v Prack, 107 AD3d at 1254). Moreover, the reasonable inferences to be drawn from that evidence support the smuggling charge (see Matter of Roman v Goord, 11 AD3d 858, 859 [2004]). Petitioner's denial that he admitted to the identity of the crushed substance "presented a credibility determination for the Hearing Officer to resolve" (Matter of Boitschenko v Annucci, ___ AD3d ___, ___, 2017 NY Slip Op 08761, *1 [2017]; see Matter of Medina v Prack, 144 AD3d 1273, 1274 [2016]). Finally, to the extent that petitioner suggests that the hearing was not conducted in an impartial manner, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Malave v Bedard, 153 AD3d 1536, 1536 [2017]; Matter of Medina v Prack, 144 AD3d at 1274). Petitioner's remaining arguments, to the extent that they are preserved for our review, have been examined and found to be lacking in merit.
Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.