Matter of Diaz v Annucci (2021 NY Slip Op 03898)





Matter of Diaz v Annucci


2021 NY Slip Op 03898


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

532483
[*1]In the Matter of Frederick Diaz, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 7, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Frederick Diaz, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing unauthorized literature, possessing contraband and possessing employee information. As relevant here, the charges stemmed from petitioner possessing a map of New York and a facility employee roster, both of which were found in petitioner's personal file cabinet drawer in the law library where petitioner worked. Following a tier III disciplinary hearing, petitioner was found guilty of possessing contraband and possessing employee information and not guilty of the remaining charge, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, to challenge respondent's determination.
Respondent concedes — and we agree — that the portion of the determination finding petitioner guilty of possessing employee information is not supported by substantial evidence and must be annulled to that extent (see Matter of Briggs v Lilley, 181 AD3d 1088, 1089 [2020]; Matter of Atkins v Annucci, 172 AD3d 1798, 1799 [2019]). However, as petitioner has served the administrative penalty and no loss of good time was imposed, remittal for a redetermination of the penalty imposed on the remaining charge is not required (see Matter of Wright v Annucci, 190 AD3d 1249, 1249 [2021]; Matter of Briggs v Lilley, 181 AD3d at 1089).
As for the contraband charge, we find that the misbehavior report and hearing testimony constitute substantial evidence of petitioner's guilt (see generally Matter of You v Venettozzi, 162 AD3d 1438, 1438 [2018]; Matter of Laliveres v Annucci, 156 AD3d 1106, 1106 [2017]). Petitioner's own testimony established that he cut the map in question out of a book in the law library and placed it in his personal file cabinet drawer, and the authoring correction officer testified that the map was found in petitioner's drawer between folded sheets of paper that had been taped together. Although petitioner testified that he removed the map from the subject book to prevent other inmates from stealing it and insisted that his possession of an item that was donated to the law library and utilized in his capacity as a law library paralegal could not constitute contraband, such testimony presented a credibility determination for the Hearing Officer to resolve (see Matter of Sylvester v Venettozzi, 175 AD3d 783, 784 [2019]; Matter of Ballard v Annucci, 168 AD3d 1319, 1320 [2019]). Further, as the item was located in what petitioner acknowledged was his personal file cabinet drawer, "a reasonable inference of possession arose by virtue of petitioner's [*2]control over the area where the [map was] found" (Matter of Devaughn v Heff, 189 AD3d 1803, 1804 [2020]) — notwithstanding the fact that the petitioner's access to the drawer was not exclusive (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [2020]; Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1140, 1141 [2017]). Petitioner's remaining challenges to the disciplinary determination, including his claim of hearing officer bias, have been examined and found to be lacking in merit.
Finally, although Supreme Court improperly transferred the declaratory judgment action, petitioner's request for declaratory relief, which is grounded upon his assertion that he cannot be subject to disciplinary action for possessing a document obtained via a lawful Freedom of Information Law request, pertains solely to his possession of the employee roster. As we are annulling that portion of the underlying determination, petitioner's related request for declaratory relief is moot (cf. Matter of Logan v Lilley, 190 AD3d 1185, 1185 [2021]).
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing employee information; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.