Matter of Daum v Sipple (2021 NY Slip Op 05064)





Matter of Daum v Sipple


2021 NY Slip Op 05064


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

533121
[*1]In the Matter of Terry Daum, Petitioner,
v
Gary Sipple, as Deputy Superintendent of Security at Sullivan Correctional Facility, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Terry Daum, Fallsburgh, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with stealing state property, smuggling, possessing excessive bedding, threatening staff, interfering with an employee and refusing a direct order. According to the misbehavior report, at around 10:00 a.m. when a correction officer was making his rounds, he observed and confiscated an extra mattress from petitioner's cell, securing it by the correction officer's desk. The correction officer verified that petitioner did not have a medical permit authorizing the use of two mattresses. Thereafter, the correction officer noticed that the mattress that had been confiscated was missing from beside the desk and ultimately located it back in petitioner's cell. The mattress was again confiscated and secured by the desk. When petitioner returned to the housing unit and realized that the mattress had again been confiscated, petitioner, in an aggressive manner and with both fists clenched, approached within a foot of the correction officer and shouted that he could not take the mattress. The correction officer, who had taken a defensive stance, ordered petitioner to return to his cell, which petitioner did. Following a tier II disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of interfering with an employee and refusing a direct order are not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, remittal for a redetermination of the penalty imposed on the remaining charges is not required (see Matter of Diaz v Annucci, 195 AD3d 1297, 1297 [2021]).
As for the remaining charges, we find that the misbehavior report, the testimony at the hearing and petitioner's admissions provide substantial evidence to support petitioner's guilt (see Matter of Infantino v Fischer, 116 AD3d 1305, 1305 [2014]; Matter of Smith v Fischer, 85 AD3d 1481, 1482 [2011]; Matter of Porter v Selsky, 67 AD3d 1151, 1151 [2009]). We are unpersuaded by petitioner's contention that parts of the misbehavior report are based solely on conjecture or speculation. At the disciplinary hearing, petitioner admitted that, without authorization, he took the extra mattress from an empty cell about a year ago and moved it into his cell, thereby supporting the charges of stealing, smuggling and possessing excessive bedding. In addition, the testimony and inferences to be drawn from the fact that the mattress was found back in petitioner's cell after [*2]it had been confiscated and secured by the correction officer further support the charge of stealing (see, e.g. Matter of Accardi v Goord, 34 AD3d 945, 946 [2006]; Matter of Cummings v Goord, 10 AD3d 748, 749 [2004]). To the extent that petitioner denied that he stole the mattress from the desk area and returned it to his cell or that he approached the officer in a threatening manner with clenched fists, this presented credibility issues for the Hearing Officer to resolve (see Matter of Tannis v Annucci, 170 AD3d 1410, 1411 [2019], lv denied 34 NY3d 909 [2020]; Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]). Petitioner's remaining contentions, including any alleged inconsistencies between the misbehavior report and the testimony of its author, have been reviewed and are without merit.
Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and refusing a direct order; petition granted to that extent and the Superintendent of Sullivan Correctional Facility is directed to expunge all references to those charges from petitioner's institutional record; and, as so modified, confirmed.