Matter of Meadows v Rockwood (2021 NY Slip Op 05766)





Matter of Meadows v Rockwood


2021 NY Slip Op 05766


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

533305
[*1]In the Matter of Shaquan Meadows, Petitioner,
v
Mark Rockwood, as Superintendent of Gouverneur Correctional Facility, Respondent.

Calendar Date:October 8, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Shaquan Meadows, Gouverneur, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After petitioner exhibited glassy eyes and was seen talking to the ceiling and walking aimlessly around the recreation room at the facility at which he was incarcerated, he was escorted to the infirmary for evaluation, where it was noted that his speech was slurred, his heart rate and blood pressure were elevated, his eyes were red and his pupils were dilated and nonreactive to light. As a result, petitioner was charged in a misbehavior report with being under the influence of alcohol or an intoxicant. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty and a penalty was imposed. That determination was affirmed upon administrative review, prompting petitioner to commence this CPLR article 78 proceeding to challenge the finding of guilt.
We confirm. The misbehavior report, the attached inmate injury report, which contained the nursing assessment of petitioner's physical condition, and the testimony of the correction officer who observed petitioner in the recreation room on the day in question and noted — in addition to the nurse's physical findings — petitioner's difficulty in steadying himself without leaning against a wall, constitute substantial evidence to support the determination of guilt (see Matter of Simmons v Venettozzi, 153 AD3d 1016, 1016 [2017]; Matter of Vargus v Annucci, 147 AD3d 1124, 1124-1125 [2017]). Petitioner's denials and/or exculpatory explanations for his behavior presented credibility issues for the Hearing Officer to resolve (see Matter of Briggs v Lilley, 181 AD3d 1088, 1089 [2020]; Matter of Gulifield v Annucci, 164 AD3d 1001, 1002 [2018]). Contrary to petitioner's assertion, the absence of urinalysis or other scientific testing to confirm the presence of an intoxicant does not undermine the finding of guilt, as "the intoxicant charge was based on petitioner's observable behavior at the time of [the misbehavior] report, not any scientific testing" (Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019]; see Matter of Simmons v Venettozzi, 153 AD3d at 1016). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.