Matter of James v Venettozzi (2022 NY Slip Op 00489)





Matter of James v Venettozzi


2022 NY Slip Op 00489


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

533260
[*1]In the Matter of Cedric S. James, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:December 30, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Cedric S. James, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
A correction officer stopped at petitioner's cell to conduct an authorized cell search based on suspicion, and petitioner, who was sitting on the toilet at the time, stated that he was defecating and needed privacy to finish that process, at which point he stood up and attempted to cover his cell and was told by the correction officer conducting the search to stop. When petitioner then grabbed unknown items from under his bed and shoved them in his toilet, the correction officer entered petitioner's cell, and petitioner became combative, requiring the use of force for petitioner to be subdued. As a result of the incident, petitioner was charged in a misbehavior report with refusing a direct order, engaging in violent conduct, refusing facility frisk procedures, obstructing visibility and assaulting staff.[FN1] Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, refusing facility frisk procedures, engaging in violent conduct and assaulting an officer and was found not guilty of obstructing visibility. Upon administrative review, that determination was modified by dismissing the charge of assaulting an officer but otherwise affirmed with no change to the penalty imposed. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of refusing a direct order is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charges (see Matter of Daum v Sipple, 197 AD3d 1461, 1462 [2021]; Matter of Nix v Venettozzi, 196 AD3d 933, 933 [2021]). As for the remaining charges, we find that the misbehavior report, related documentation and hearing testimony provide substantial evidence to support that part of the determination finding petitioner guilty of engaging in violent conduct and refusing facility frisk procedures (see Matter of Estrada v Annucci, 199 AD3d 1145, 1145-1146 [2021]; Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [2016]; Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]).
We reject petitioner's contention that he was improperly denied certain documentary evidence. As to petitioner's contention that he was denied documentary evidence consisting of the unusual incident report, the record reflects that the preliminary unusual incident report was read into the record (see Matter of Malloy v Rodriguez, ___ AD3d ___, ___, 2021 NY Slip Op 07049, *1 [2021]; Matter of Harris v Venettozzi, 167 AD3d 1127, 1127-1128 [2018]). Petitioner's [*2]remaining procedural contentions, including his claims that he was denied certain witnesses and that certain directives were violated by facility staff during the incident, are either unpreserved or have been considered and found to be without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.



Footnotes

Footnote 1: In a second misbehavior report, petitioner was charged with wasting food and possessing excessive tobacco, flammable materials and gang materials; those charges, however, were ultimately dismissed by the Hearing Officer and/or upon administrative review.