Matter of Wiggins v Venettozzi (2022 NY Slip Op 01494)





Matter of Wiggins v Venettozzi


2022 NY Slip Op 01494


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533084
[*1]In the Matter of Dwayne Wiggins, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:February 4, 2022

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Dwayne Wiggins, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a pat frisk of petitioner by a correction officer, four orange sublingual strips were found hidden in his coat, which were turned over to a correction officer who was a certified NARK II tester, and identified by the facility nurse as sublingual suboxone. As a result, petitioner was charged in a misbehavior report with drug possession, possessing contraband and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony of the correction officers who discovered and transported the contraband, documentary evidence and the memorandum from the facility nurse who identified it as suboxone provide substantial evidence to support the determination of guilt (see Matter of Laliveres v Annucci, 156 AD3d 1106, 1106 [2017]; Matter of Rivera v Prack, 138 AD3d 1267, 1267-1268 [2016]). Petitioner's contention that the strips were not properly drug tested lacks merit, as the record establishes that the facility nurse visually identified the contraband as the prescription drug suboxone and, therefore, further drug testing was unnecessary (see 7 NYCRR 1010.4 [d], [e]; Matter of Laliveres v Annucci, 156 AD3d at 1106; Matter of Bernard v Annucci, 148 AD3d 1448, 1449 [2017]; Matter of Lindsay v Coughlin, 211 AD2d 920, 921 [1995]). Petitioner's claims that the strips were planted in retaliation for him filing grievances, which were found to be without merit, was fully explored at the hearing and created a credibility issue that the Hearing Officer resolved against him (see Matter of Williams v Venettozzi, 189 AD3d 1877, 1879 [2020], lv denied 37 NY3d 902 [2021]). Given that the nurse visually identified the contraband as permitted and there were no positive contraband test results, there was no requirement to serve the contraband test forms on petitioner (see 7 NYCRR 1010.5 [a], [b]; 1010.8 [a], [b]; Matter of Campbell v Prack, 118 AD3d 1202, 1203 [2014]). Finally, petitioner's challenge to the timeliness of the hearing, for which extensions were granted, was not raised at the hearing and is, therefore, unpreserved for our review (see Matter of Bonds v Annucci, 193 AD3d 1204, 1206 [2021]). Petitioner's remaining contentions, to the extent preserved for our review, also lack merit.
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.