Matter of Ballester-Perez v Reardon (2022 NY Slip Op 01502)





Matter of Ballester-Perez v Reardon


2022 NY Slip Op 01502


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533712
[*1]In the Matter of Gilberto Ballester-Perez, Petitioner,
v
Patrick Reardon, as Acting Superintendent of Marcy Corr. Facility, Respondent.

Calendar Date:February 4, 2022

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Gilberto Ballester-Perez, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with being under the influence of an intoxicant. According to the misbehavior report, petitioner was found in a bathroom stall incoherent, with slurred speech and unable to walk. He was transported to the medical facility and assessed by the facility nurse, who deemed petitioner to be under the influence of an unknown substance. The misbehavior report also indicates that, when subsequently interviewed about the incident, petitioner admitted to smoking an unknown substance. Following a tier II disciplinary hearing, petitioner was found guilty of the charge. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. The misbehavior report, the memorandum and inmate injury report prepared by the facility nurse who assessed petitioner's medical condition and petitioner's testimony at the hearing that he smoked a cigarette that he had received from another incarcerated individual provide substantial evidence to support the determination of guilt (see Matter of Meadows Rockwood, 198 AD3d 1174, 1174 [2021]; Matter of Vargus v Annucci, 147 AD3d 1124, 1124-1125 [2017]). Petitioner's contention that the determination is undermined by the lack of any urinalysis or other scientific testing identifying the substance as an intoxicant was not raised at the hearing and, therefore, is unpreserved for our review (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]). In any event, such contention is without merit inasmuch as the basis of the intoxicant charge in the misbehavior report stemmed from petitioner's observable behavior and subsequent medical assessment, not any scientific testing (see Matter of Meadows v Rockwood, 198 AD3d at 1175; Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019]). To the extent that petitioner contends that the author of the misbehavior report and the facility nurse should have testified, the record reflects that petitioner did not request any witnesses at the hearing and "the Hearing Officer was under no obligation to present petitioner's case for him" (Matter of Washington v Alderman, 175 AD3d 782, 783 [2019] [internal quotation marks and citation omitted]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.