Matter of MacKenzie v Tedford (2022 NY Slip Op 05251)

Matter of MacKenzie v Tedford

2022 NY Slip Op 05251

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

534380
[*1]In the Matter of Edward MacKenzie, Appellant,
v
Jeffrey Tedford, as Superintendent of Adirondack Correctional Facility, Respondent.

Calendar Date:September 2, 2022

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Edward MacKenzie, Ray Brook, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard B. Meyer, J.), entered October 27, 2021 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with creating a disturbance and disobeying a direct order. According to the misbehavior report, petitioner entered the mess hall without wearing a mask and was told by a correction officer to put a mask on per the policy of the correctional facility. Petitioner did not wear the mask when he left the mess hall and did not comply when told again to wear a mask. Following a tier II disciplinary hearing, petitioner was found guilty of both charges. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.[FN1]
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of creating a disturbance is not supported by substantial evidence and must be annulled. Because the penalty has been served and there was no loss of good time imposed, remittal of the matter for a redetermination of the penalty on the remaining charge is not required (see Matter of James v Venettozzi, 201 AD3d 1288, 1289 [3d Dept 2022]).
As for the remaining charge, the misbehavior report and testimony at the hearing, including that of petitioner admitting that he did not put on a mask, provide substantial evidence to support the determination that petitioner refused a direct order (see Matter of Toliver v Commissioner of Corr. & Community Supervision, 104 AD3d 981, 982 [3d Dept 2013]; Matter of Bell v Leary, 275 AD2d 834, 834 [3d Dept 2000]). To the extent that petitioner contends that he was not required to wear a mask under the Center for Disease Control guidelines, he was not free to disobey a direct order even if he believed it to be wrong (see Matter of Espinal v Annucci, 175 AD3d 1696, 1696 [3d Dept 2019]; Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [3d Dept 2019]). Petitioner's further explanation that the correction officer's comments did not constitute a direct order, but rather were just part of a conversation, created a credibility issue for the Hearing Officer to resolve (see Matter of Diaz v Lee, 171 AD3d 1382, 1383 [3d Dept 2019]; Matter of Ferrar v Selsky, 1 AD3d 671, 671-672 [3d Dept 2003]). Petitioner's remaining contentions, including that the misbehavior report was not properly endorsed, were not raised at the hearing and, therefore, are unpreserved for our review (see Matter of Cuppuccino v Annucci, 206 AD3d 1425, 1426 [3d Dept 2022]).
Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof [*2]as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charge of creating a disturbance; petition granted to that extent, said determination annulled and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, affirmed.

Footnotes

Footnote 1: Although the petition raised a substantial evidence question and should have been transferred, we will consider the issue de novo and render judgment accordingly (see Matter of Hughes v Bezio, 84 AD3d 1598, 1598 n [3d Dept 2011]).