Matter of Greene v Vann (2022 NY Slip Op 06979)

Matter of Greene v Vann

2022 NY Slip Op 06979

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

535138
[*1]In the Matter of Wilburforce Greene, Petitioner,
v
Mary Vann, as Superintendent of Altona Correctional Facility, Respondent.

Calendar Date:November 10, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Wilburforce Greene, Otisville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
A correction officer arrived in petitioner's dorm after receiving a report that petitioner, an incarcerated individual, was creating a disturbance and appearing to be under the influence of an unknown substance. Petitioner was escorted to the facility clinic, where he admitted to the correction officer that he had been smoking K-2 (synthetic cannabinoids). As a result of the incident, petitioner was charged in a misbehavior report with being under the influence of an intoxicant and smoking. Following a tier II disciplinary hearing, petitioner was found guilty of using an intoxicant and not guilty of smoking. Upon administrative review, the determination of guilt was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the hearing testimony and the written report from the nurse who evaluated petitioner at the time of the incident provide substantial evidence to support the determination of guilt (see Matter of Ballester-Perez v Reardon, 203 AD3d 1372, 1373 [3d Dept 2022]; Matter of Meadows v Rockwood, 198 AD3d 1174, 1174 [3d Dept 2021]; Matter of Vargus v Annucci, 147 AD3d 1124, 1124-1125 [3d Dept 2017]). "Petitioner's contention that the determination is undermined by the lack of any urinalysis or other scientific testing identifying the substance as an intoxicant was not raised at the hearing and, therefore, is unpreserved for our review" (Matter of Ballester-Perez v Reardon, 203 AD3d at 1373 [citation omitted]). "In any event, such contention is without merit inasmuch as the basis of the intoxicant charge in the misbehavior report stemmed from petitioner's observable behavior and subsequent medical assessment, not any scientific testing" (id. [citations omitted]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and lack merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.