Matter of Ortiz v Annucci (2023 NY Slip Op 01713)

Matter of Ortiz v Annucci

2023 NY Slip Op 01713

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

534357
[*1]In the Matter of Orlando Ortiz, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Orlando Ortiz, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
On October 28, 2020, a search of petitioner's cell uncovered a ceramic type of weapon and four strips that were subsequently identified as buprenorphine under his mattress. Petitioner was thereafter charged in a misbehavior report with possessing contraband, possessing drugs and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. This determination was affirmed on administrative review and this CPLR article 78 proceeding ensued.[FN1]
Petitioner claims that the procedures outlined in Department of Corrections and Community Supervision Directive No. 4938 for identifying substances suspected of being contraband drugs were not followed. In so claiming, petitioner cites to certain requirements of the Directive that did not go into effect until December 2021, well after the contraband found in his cell was identified as buprenorphine. The version of Directive No. 4938 that was in effect at the time of the search of petitioner's cell and the identification of the contraband in question required that the contraband "shall be inspected at the facility pharmacy for possible identification or, if appropriate pharmacy staff are not available, with the assistance of the nursing staff." Inasmuch as a facility pharmacist testified that he identified the contraband recovered from petitioner's cell as buprenorphine from the visual markings on the strips, we find that the proper identification procedures were followed and no further drug testing was required (see Matter of Wiggins v Venettozzi, 203 AD3d 1362, 1362 [3d Dept 2022]; Matter of Laliveres v Annucci, 156 AD3d 1106, 1106 [3d Dept 2017]). To the extent that petitioner challenges the chain of custody of the strips, he raised no objection in this regard at the hearing and, therefore, the issue is unpreserved for our review (see Matter of Singh v Annucci, 169 AD3d 1149, 1150 [3d Dept 2019]; Matter of Laliveres v Annucci, 156 AD3d at 1106).
Contrary to petitioner's contention, Department of Corrections and Community Supervision Directive No. 4943 does not mandate the use of body cameras by correction officers while searching an incarcerated individual's cell. Moreover, petitioner was not improperly denied video footage of the search as the record reflects that the officers were not assigned body cameras while conducting the search and that the Hearing Officer confirmed that no other video recording of the search existed (see Matter of Malloy v Rodriguez, 200 AD3d 1382, 1383 [3d Dept 2021]; Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020], lv denied 36 NY3d 903 [2020]). Further, a review of the record reveals that petitioner did not request that the sergeant who was supervising the search be called as a witness [*2]and the Hearing Officer was under no obligation to secure the sergeant's testimony (see Matter of Ballester-Perez v Reardon, 203 AD3d 1372, 1373 [3d Dept 2022]; Matter of Ballard v Annucci, 168 AD3d 1319, 1320 [3d Dept 2019]). As to petitioner's claim that the Hearing Officer was biased, "the record demonstrates that the hearing was conducted in a fair and impartial manner and the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Randolph v Annucci, 190 AD3d 1196, 1198 [3d Dept 2021]; see Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022]).
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: We note that the proceeding was properly transferred to this Court as the petition raised an issue of substantial evidence, but petitioner has abandoned such issue by not raising it in his brief (see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 n [3d Dept 2019]).