Matter of Hills v Annucci (2024 NY Slip Op 01358)

Matter of Hills v Annucci

2024 NY Slip Op 01358

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

536106
[*1]In the Matter of Tasheonia Hills, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 9, 2024

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Tasheonia Hills, Bedford Hills, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Bedford Hills Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, making false statements, interfering with an employee, being out of place and violating facility movement procedures. The charges stemmed from an incident wherein petitioner participated in a sick call visit without authorization and initially refused to complete required paperwork — during a point in time when medical personnel were attempting to deal with other emergent situations. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting her to commence this CPLR article 78 proceeding to challenge the determination.
The Attorney General concedes, and our review of the record confirms, that the finding of guilt with respect to making false statements is not supported by substantial evidence and, as such, the determination must be modified to that extent. However, inasmuch as the administrative penalty has been served and there was no recommended loss of good time imposed, remittal for a redetermination of the penalty on the remaining charges is unnecessary (see Matter of Carzoglio v Annucci, 216 AD3d 1272, 1272-1273 [3d Dept 2023]).
As to the remaining charges, petitioner's claim that the misbehavior report was not properly endorsed or otherwise lacked sufficient information to enable her to prepare a defense is unpreserved for our review due to her failure to raise these issues at the hearing (see Matter of MacKenzie v Tedford, 208 AD3d 1526, 1527 [3d Dept 2022]). Similarly, petitioner did not request that the author of the misbehavior report testify, "and the Hearing Officer was under no obligation to present petitioner's case for [her]" (Matter of Rose v Lilley, 205 AD3d 1187, 1189 [3d Dept 2022] [internal quotation marks and citations omitted]). With respect to the merits, the detailed misbehavior report, the injury report prepared by medical personnel and petitioner's own testimony, wherein she repeatedly acknowledged that she was not on a "call out" when she signed herself out to the medical unit during a scheduled facility movement, constitute substantial evidence to support the findings of guilt as to refusing a direct order, interfering with an employee, being out of place and violating facility movement procedures (see Matter of Urena v Keyser, 197 AD3d 1452, 1452 [3d Dept 2021]; see generally Matter of Ballester-Perez v Reardon, 203 AD3d 1372, 1373 [3d Dept 2022]; Matter of Daum v Sipple, 197 AD3d 1461, 1462 [3d Dept 2021]). The fact that petitioner ultimately completed the necessary paperwork does not exonerate her of her initial refusal [*2]to obey a direct order to do so (see Matter of Diaz v Lee, 171 AD3d 1382, 1383 [3d Dept 2019]). Finally, because the Hearing Officer accepted as true petitioner's statement that she asked a correction officer to arrange a medical appointment for her, petitioner's request for any video evidence in this regard was properly denied (cf. Matter of Stuart v Annucci, 167 AD3d 1182, 1182-1183 [3d Dept 2018]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making false statements; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.