Matter of Battease v Superintendent of Riverview Corr. Facility (2024 NY Slip Op 03918)

Matter of Battease v Superintendent of Riverview Corr. Facility

2024 NY Slip Op 03918

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

CV-24-0293
[*1]In the Matter of Phillip Battease, Petitioner,
v
Superintendent of Riverview Correctional Facility et al., Respondents.

Calendar Date:June 14, 2024

Before:Garry, P.J., Clark, Aarons, Fisher and Powers, JJ.

Phillip Battease, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Superintendent of Riverview Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with refusing a direct order, failing to maintain the cleanliness and orderliness of his living quarters and creating a disturbance. According to the misbehavior report, a correction officer, while making rounds, ordered petitioner to clean his cubicle, which was not in compliance with facility rules. While in the presence of 49 other incarcerated individuals, petitioner responded that he did not have to clean his cubicle at that time, which prompted the correction officer to give another direct order to petitioner to clean his cubicle. Approximately 30 minutes later, another correction officer observed petitioner's cubicle not in compliance. Following a tier II prison disciplinary hearing, petitioner was found guilty of the charges. Upon administrative review, the determination was affirmed, and this CPLR article 78 proceeding ensued.
Initially, respondents concede, and our review of the record confirms, that the part of the determination finding petitioner guilty of creating a disturbance is not supported by substantial evidence and must be annulled. Because the penalty has been served and there was no loss of good time imposed, remittal of the matter for a redetermination of the penalty on the remaining charges is not required (see Matter of MacKenzie v Tedford, 208 AD3d 1526, 1527 [3d Dept 2022]). As for the remaining charges, we find that the misbehavior report and hearing testimony provide substantial evidence to support that part of the determination finding petitioner guilty of refusing a direct order and failing to maintain the cleanliness and orderliness of his living quarters (see Matter of Boddie v Selsky, 18 AD3d 996, 997 [3d Dept 2005]; 7 NYCRR 270.2 [B] [19] [viii]). Petitioner's alternative narrative of the incident created a credibility determination for the Hearing Officer to resolve (see e.g. Matter of Farley v Annucci, 224 AD3d 969, 971 [3d Dept 2024]).
Even assuming that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1 (b) because it was not endorsed by a staff member who had personal knowledge of the facts providing the basis for the report, "petitioner has not demonstrated that he was prejudiced by the omission, inasmuch as these individuals testified at the hearing" (Matter of Barzee v Venettozzi, 173 AD3d 1580, 1580 [3d Dept 2019]). To the extent that petitioner challenges that portion of the penalty resulting in the confiscation of certain clothing items for the imposed penalty of 30 days, this challenge is moot, as the duration of the penalty has expired (see Matter of Dagnone v Annucci, 149 AD3d 1461, 1462 [3d Dept 2017]). Petitioner's [*2]assertion that his personal property has not been returned to him is a matter more appropriately pursued in the context of the Department of Corrections and Community Supervision grievance procedure (see Matter of Morrison v Fischer, 110 AD3d 1421, 1422 [3d Dept 2013]; Matter of Johnson v Department of Correctional Servs., 53 AD3d 746, 747 [3d Dept 2008]; see generally 7 NYCRR 701.2 [a]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent Superintendent of Riverview Correctional Facility is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.