Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged with multiple prison disciplinary violations arising from three separate incidents on January 22, 2014. The first misbehavior report charged him with harassing staff, refusing a direct order and creating a disturbance following an incident in the dining hall. The second misbehavior report charged him with refusing a direct order and violating uranalysis procedures stemming from his refusal to submit a urine specimen. The third misbehavior report, prepared after a search of his cell, charged him with possessing outdated medication and altered items and tampering with an electrical device. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges except refusing a direct order and creating a disturbance as charged in the first report. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
The detailed misbehavior reports and testimony of the reports’ authors and of the correction officers who witnessed or were involved in the three incidents, combined with petitioner’s admissions, provided substantial evidence to support the charges for which he was found guilty (see Matter of Jackson v Fischer, 98 AD3d 766, 767 [2012]). Contrary to petitioner’s contention, his conduct in the dining hall — as described in the first misbehavior report and testified to by its author— constituted harassment (see Matter of Wright v New York State Dept. of Correctional Servs., 76 AD3d 725, 726 [2010]; 7 NYCRR 270.2 [B] [8] [ii]). Petitioner’s differing account of what transpired in the dining hall and his conspiracy allegations regarding his cell search created credibility issues for the Hear *1368 ing Officer to resolve (see Matter of Morusma v Fischer, 74 AD3d 1675, 1675 [2010]). With regard to the second misbehavior report, petitioner admitted refusing to provide a urine specimen when ordered to do so, and he was not entitled to refuse the order based upon his personal belief that correctional staff lacked a valid reason for ordering the test (see Matter of Crenshaw v Fischer, 87 AD3d 1246, 1247 [2011]; see also Matter of Rivera v Smith, 63 NY2d 501, 515-516 [1984]). Furthermore, the testimony of the sergeant who approved the urine test established that correctional staff had a valid reason to request a urine test based upon petitioner’s erratic behavior, which gave them “reason to believe [petitioner] ha[d] used drugs” (7 NYCRR 1020.4 [a] [1]). Petitioner’s remaining claims also lack merit.
McCarthy, J.P., Rose, Lynch and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.