Matter of Stevens v Oscar (2021 NY Slip Op 06130)





Matter of Stevens v Oscar


2021 NY Slip Op 06130


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533086
[*1]In the Matter of Jamel Stevens, Petitioner,
v
Michelle Oscar, as Correction Officer at Sing Sing Correctional Facility, et al., Respondents.

Calendar Date:October 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Jamel Stevens, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Sing Sing Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with obstructing visibility, refusing a direct order and interfering with an employee. According to the report, a correction officer on rounds observed that bedsheets were being used to obstruct visibility into petitioner's cell. The officer stopped and ordered petitioner to remove the sheets. On her next rounds, the officer observed that the bedsheets were still obstructing the view into petitioner's cell and again ordered petitioner to remove them. After petitioner failed to comply, the officer issued the misbehavior report. Following a tier II disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the incident involved a "danger to life, health, security or property," warranting the issuance of the misbehavior report (7 NYCRR 251-3.1 [a]). The misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]; Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]). Although petitioner testified that he had no recollection of the incident, the author of the misbehavior report testified that petitioner was awake and responsive when she ordered him to remove the bedsheets, creating a credibility issue for the Hearing Officer to resolve (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [2020], lv denied 37 NY3d 905 [2021]; Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]). Petitioner's remaining claims, to the extent they are properly before us, have been considered and found to be without merit.
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.