Matter of Dorcinvil v Miller (2022 NY Slip Op 06972)

Matter of Dorcinvil v Miller

2022 NY Slip Op 06972

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

533954
[*1]In the Matter of Jacques Dorcinvil, Petitioner,
v
Christopher Miller, as Superintendent of Great Meadow Correctional Facility, Respondent.

Calendar Date:November 10, 2022

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Jacques Dorcinvil, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. According to the first misbehavior report, on November 24, 2020, petitioner obstructed the visibility into his cell with a sheet and initially refused a direct order to remove it. The second misbehavior report alleged that, on January 5, 2021, petitioner refused to comply with a correction officer's direct order to stop playing his television in a loud, improper manner and to again remove a sheet that was obstructing the view into his cell. Following separate tier II disciplinary hearings, petitioner was found guilty in a November 28, 2020 determination of obstructing visibility into his cell and refusing a direct order in connection with the first misbehavior report, and, in a January 7, 2021 determination, petitioner was found guilty of refusing a direct order, obstructing visibility into his cell and creating a disturbance pursuant to the second misbehavior report. The determination in connection with the first misbehavior report was affirmed upon administrative review.[FN1] Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.
With respect to the first misbehavior report, the testimony at the hearing together with the contents of the report provide substantial evidence to support the determination of guilt (see Matter of Stevens v Oscar, 199 AD3d 1149, 1149 [3d Dept 2021]; Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [3d Dept 2018]). Petitioner's contention that the misbehavior report was written in retaliation for grievances filed against the correction officer who authored the report created a credibility issue for the Hearing Officer to resolve (see Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 853 [3d Dept 2017]; Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [3d Dept 2017]). We are unpersuaded by petitioner's contention that he was improperly denied the right to present witnesses. The fact that the Hearing Officer limited petitioner's questioning of the witnesses to issues relevant to the incident charged in the misbehavior report, and precluded testimony regarding the substance of his grievances against the correction officer, did not deprive petitioner of his right to present witnesses (see Matter of Fero v Prack, 110 AD3d 1128, 1129 [3d Dept 2013]; Matter of Washington v Napoli, 61 AD3d 1243, 1243 [3d Dept 2009], lv denied 13 NY3d 704 [2009]). We also reject petitioner's contention that the Hearing Officer abused his discretion in removing him from the hearing after petitioner continually disregarded the Hearing Officer's repeated warnings to refrain from asking questions unrelated to the misbehavior report, which was disruptive to the hearing procedures[*2](see Matter of Canty v Fischer, 92 AD3d 1055, 1056 [3d Dept 2012], lv denied 19 NY3d 802 [2012]; Matter of Canty v Esgrow, 83 AD3d 1322, 1323 [3d Dept 2011], lv denied 17 NY3d 705 [2011], cert denied 565 US 1121 [2012]).
We do, however, find merit to petitioner's contention that his request for body camera footage was improperly denied. Upon petitioner's request for such footage at the hearing, the Hearing Officer responded that the correction officer's body camera was turned off and, therefore, such footage did not exist. The record does not reflect the measures taken or the basis upon which the Hearing Officer concluded that the footage did not exist (see Matter of Espinal v Annucci, 175 AD3d 1696, 1697 [3d Dept 2019]; cf. Matter of Caraway v Annucci, 190 AD3d 1198, 1199 [3d Dept 2021]; Matter of Lashway v Keyser, 178 AD3d 1224, 1225 [3d Dept 2019]). As such, petitioner's request for the body camera footage was improperly denied and, under these circumstances, the appropriate remedy is remittal for a new hearing (see Matter of Espinal v Annucci, 175 AD3d at 1697).
To the extent that petitioner challenges the January 7, 2021 determination with respect to the second misbehavior report, the detailed misbehavior report, as well as admissions made by petitioner at the hearing, provide substantial evidence to support that determination of guilt (see Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020]; Matter of Thorpe v Goord, 13 AD3d 690, 690-691 [3d Dept 2004]). Petitioner's denial of the charges and exculpatory statements for the volume being loud presented a credibility issue for resolution by the Hearing Officer (see Matter of Barnes v Venettozzi, 207 AD3d 969, 970 [3d Dept 2022]; Matter of Meadows v Rockwood, 198 AD3d 1174, 1174 [3d Dept 2021]). Petitioner's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ADJUDGED that the November 28, 2020 determination is annulled, without costs, petition granted to that extent, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.
ADJUDGED that the January 7, 2021 determination is confirmed, without costs, and petition dismissed to that extent.

Footnotes

Footnote 1: Petitioner claims that he administratively appealed the determination in connection with the second misbehavior report but no response to that appeal was received. Although petitioner failed to attach his administrative appeal, and the Attorney General was advised that the Department of Corrections and Community Supervision's file does not contain such administrative appeal, the Attorney General nevertheless did not assert in its answer any defense based upon a failure to exhaust administrative remedies and makes no such argument here.