Matter of Pitts v Jordan (2024 NY Slip Op 04503)

Matter of Pitts v Jordan

2024 NY Slip Op 04503

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-23-2167
[*1]In the Matter of Lance Pitts, Petitioner,
v
Lt. Jordan, as Hearing Officer at Sullivan Correctional Facility, et al., Respondents.

Calendar Date:August 30, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Lance Pitts, Beacon, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with refusing a direct order, refusing to comply with search procedures, smuggling and possessing contraband after he allegedly refused to comply with correction officers' orders and related procedures to remove suspected contraband from his mouth. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and the determination was affirmed upon administrative appeal. Petitioner appeals, and we modify.
Initially, as respondents concede and our review of the record confirms, the part of the determination finding petitioner guilty of smuggling and possessing contraband is not supported by substantial evidence and must be annulled. Accordingly, that part of the determination must be annulled and all references to such charges must be expunged from petitioner's institutional record, including reference to the misbehavior as a tier III violation as the remaining charges constitute, at most, a tier II classification (see 7 NYCRR 270.2 [B] [14] [ii]). Because the penalty imposed includes the loss good time, the matter must be remitted for a redetermination of the penalty on the remaining violations (see Matter of Loret v Venettozzi, 205 AD3d 1171, 1172 [3d Dept 2022]; compare Matter of Haigler v Lilley, 182 AD3d 888, 889 [3d Dept 2020]).
Turning to the remaining charges, we find that the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support that part of the determination finding petitioner guilty of refusing a direct order and failing to comply with search procedures (see Matter of Douglas v Fischer, 115 AD3d 1103, 1103 [3d Dept 2014]; Matter of Dawes v Venettozzi, 87 AD3d 1219, 1220 [3d Dept 2011], lv denied 18 NY3d 803 [2012]).[FN1] Petitioner's assertions that he did comply with search procedures and that the misbehavior report was written in retaliation were explored at the hearing and refuted by the author of the misbehavior report, and therefore created credibility issues for the Hearing Officer to resolve (see Matter of Carzoglio v Annucci, 216 AD3d 1272, 1273 [3d Dept 2023]; Matter of Brown v Prack, 134 AD3d 1367, 1367-1368 [3d Dept 2015]).
Addressing petitioner's procedural claims, to the extent properly preserved for our review, we further find that he was not denied the right to any relevant requested documentary evidence or witness testimony (see Matter of Legette v Rodriguez, 213 AD3d 1066, 1067-1068 [3d Dept 2023]; Matter of Smith v Annucci, 173 AD3d 1596, 1597 [3d Dept 2019]; Matter of Canty v Esgrow, 83 AD3d 1322, 1323 [3d Dept 2011], lv denied 17 NY3d 705 [2011], cert denied 565 US 1121 [2012]). [*2]Nor did the Hearing Officer deprive petitioner of his right to present witnesses by limiting petitioner's questioning to only those issues relevant to the incident (see Matter of Hammock v Keyser, 222 AD3d 1097, 1098 [3d Dept 2023]; Matter of Dorcinvil v Miller, 211 AD3d 1205, 1206 [3d Dept 2022]). To the extent that petitioner contends he was not provided certain documents related to the charges for smuggling and possessing contraband, inasmuch as such charges are annulled, the requested documents are no longer relevant and, therefore, petitioner suffered no prejudice (see generally Matter of Lundy v Annucci, 203 AD3d 1364, 1365-1366 [3d Dept 2022]; Matter of Jones v Fischer, 139 AD3d 1219, 1220 [3d Dept 2016]). Regarding petitioner's other contentions related to document production, each are belied by the record, as our review reveals that the Hearing Officer read the requested isolation report at the hearing, that petitioner was given a redacted copy of the watch commander logbook and that he was informed of all employees involved in the incident. As to petitioner's further contention that he was improperly denied the unusual incident report, the record reflects that the preliminary unusual incident report was read into the record (see Matter of James v Venettozzi, 201 AD3d 1288, 1290 [3d Dept 2022]). To the extent preserved for our review, petitioner's remaining contentions, including his claim that the Hearing Officer was biased, have been examined and found to be without merit or rendered academic.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and possessing contraband; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to those charges from petitioner's institutional record, and matter remitted to the Department of Corrections and Community Supervision for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

Footnotes

Footnote 1: Petitioner also challenges the propriety of the orders and search procedures employed by correction officials. However, "[p]etitioner was not entitled to disobey orders by correction officers and use a prison disciplinary proceeding to challenge the application of the regulation to him" as "[t]he proper means for an incarcerated individual to challenge the legality of an order by correction officials, or the application and interpretation of a regulation, is through the prison grievance procedure" (Matter of Wilson v Annucci, 205 AD3d 1163, 1164-1165 [3d Dept 2022]; see Correction Law § 139; 7 NYCRR part 701).